### Strank *v.* Mercy Hospital of Johnstown, Appellant.

306

Argued November 12, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

reargument refused February 9, 1954.

*Leonard Shapiro,* with him *Edward J. Harkins, Robert J. Wharton* and *Harkins & Wharton,* for appellants.

*Frank P. Barnhart,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, January 4, 1954:

These two appeals were taken by the respective defendants, under the Act of March 5, 1925, P. L. 23, 12 PS §672, from an order of the court below refusing to dismiss an action of mandamus for want of jurisdiction.

As the merits of the case are not involved in this appeal, it is not necessary to state the facts in detail. The complaint in mandamus sets forth that the plaintiff enrolled as a student nurse and paid the expenses incidental thereto, at the defendant institution, The Mercy Hospital of Johnstown. This institution conducts a School of Nursing in conjunction with its primary purpose of maintaining a hospital in Johnstown, Pennsylvania. She alleges that after having successfully completed the work prescribed for the first two years, she was dismissed from the School of Nursing in her third and final year of training because she had broken a rule of the school in remaining away overnight without permission. The rules provided that an infraction of any of them would automatically cause the dismissal of the student from the nursing school and in the event of such dismissal no transfer

of credits of such student nurse would be given. The other defendant, known in this proceeding as M. John Joseph, occupied the position of Director of Nurses and was joined as a defendant in accordance with Pa. R.C.P. No. 1094 (b) as the particular person concerned in the performance of the act or duty.

By her complaint, the plaintiff sought to obtain a judgment against both defendants, commanding them to give to her transfer credits for the two years' work she had completed in order to secure advanced standing in some other nursing school. She does not seek reinstatement as a student in the School of Nursing and in fact acquiesces in the action of defendants in dismissing her from the school.

From the petition raising a question of jurisdiction under Pa. R.C.P. 1017(b)-1 and the answer filed thereto by the plaintiff, it is admitted by the plaintiff that The Mercy Hospital of Johnstown is a non-profit corporation, incorporated under the laws of Pennsylvania, operating a school of nursing for the education and training of nurses. It is also admitted that Mercy Hospital is a privately conducted institution, which receives no State aid, having a Board of Incorporators, a Board of Directors and a Board of Managers. Although the averment in the petition that defendant is a private institution, receiving no State aid, was not specifically admitted, an averment of lack of knowledge is not a sufficient denial under Pa. R.C.P. 1029(c) when it is manifest from the fact averred in the pleading that the means of proof are matters of public record. If a defendant has no knowledge he must make a reasonable investigation to ascertain whether the facts alleged are true. If inquiry had been made, the public records of the Commonwealth would have readily revealed the truth or falsity of the averment.

Since the present appeal is under the Act of March 5, 1925,[1] supra, the sole question within the scope of our inquiry on this appeal is whether the cause of action sued upon and sought to be enforced by mandamus against a private institution, is within the general class of controversies committed to the lower court:[2] See *Witney v. Lebanon City,* 369 Pa. 308, 85 A. 2d 106. In the *Witney* case, Justice (now Chief Justice) HORACE STERN, reviewed at length the cases in Pennsylvania dealing with the question of jurisdiction of subject matter and then enunciated principles that guide us in resolving the instant question. It was there held that the test for determining whether a court has jurisdiction of the subject matter is the competency of the court to determine controversies of the *general class* to which the case presented for its consideration belongs, and the controlling question is whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case. It was further held that the Act of 1925 was not concerned with matters going to the right of the plaintiff to recover on his cause of action but only with his right to have his cause of action heard and determined. Again in *Upholsterers' International Union of North America v. United Furniture Workers of America, C.I.O., et al.,* 356 Pa. 469, 473, 52 A. 2d 217, Mr. Justice JONES, speaking for the Court, declared that, ". . . The thing of chief importance on a question of jurisdiction of subject-matter is not whether the plaintiff may re-

---

[1] This Act has been suspended by the Rules of Civil Procedure excepting that the right to appeal from a preliminary determination of jurisdiction has been preserved.

[2] The Procedural Rules effect no change in the scope of the action of mandamus.

cover in the particular forum on the cause of action pleaded but whether the court is empowered to hear and determine a controversy of the character involved: . . .".

Before this power to enter upon the inquiry can be affirmed to exist, it must initially be made to appear that the law has given the tribunal capacity to entertain the complaint against the person sought to be charged. Jurisdiction of the subject matter is a condition precedent to the acquisition of authority over the parties. It is conferred upon the courts by the Constitution and laws of the Commonwealth.

In order to ascertain if the court below was empowered by law to entertain jurisdiction of the matter in controversy we must turn to the statutory provisions of the Commonwealth regarding actions of mandamus. The Act of June 8, 1893, P. L. 345, as variously amended, the last amendment being the Act of May 13, 1925, P. L. 664, 12 PS §1911, provides that, "The several courts of common pleas shall, within their respective counties, have *the power to issue* writs of mandamus to all officers and magistrates elected or appointed in or for the respective county, or in or for any township, district, or place within such county, and to all corporations being or having their chief place of business within such county and to any corporation doing business or having its property, in whole or in part, within the county: . . .". (Emphasis supplied).

In *Barker v. Bryn Mawr College,* 278 Pa. 121, 122, 122 A. 220, a case practically identical with the instant one, it was held that, ". . . on the facts showing the character of Bryn Mawr College, as an institution privately conducted which receives no state aid, 'the relation between the student and the college is solely contractual in character, [and] the court of common

pleas does not have jurisdiction to issue a writ of mandamus to compel [appellants] reinstatement';
. . .". Since this Court in the *Bryn Mawr* case approved the action of the lower court on its finding of no jurisdiction it is in order to refer to the lower court's opinion. In determining whether it had jurisdiction of the controversy, the lower court examined authorities from other jurisdictions and finding them in hopeless conflict, it concluded that it would hold with the weight of authority that where a student was wrongfully expelled from a private corporation, mandamus does not lie to reinstate him. Its closing words on the question of jurisdiction are apposite here: ". . . we are, in consequence, *without power* to issue the writ.". (Emphasis supplied). See *Barker v. Bryn Mawr College Trustees et al.,* 1 D. & C. 383, 393. The fact that the student in the *Bryn Mawr* case sought reinstatement and the plaintiff here only seeks credits, is a distinction without a difference for in both cases the asserted right arises out of a contractual relationship between the student and the institution.

"The word 'jurisdiction' (jus dicere) is a term of large and comprehensive import and embraces every kind of judicial action, and hence every movement by a court is necessarily the exercise of jurisdiction. It includes jurisdiction over the subject matter as well as over the person. *In the sense, however, in which the term ordinarily is used,* jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case. . . .": 14 Am. Jur., Courts, §160 (emphasis supplied). In other words the law must make the court competent to entertain the particular controversy. Unless special statutory provisions have changed the rule, the use of mandamus is limited to the enforcement of rights and duties imposed by law, and, if the right or duty rests wholly on