## DeBlasio v. Cecil Township

Before Carson, P.J., Cummins, and Weiner, JJ.

*George B. Stegenga*, for plaintiffs.

*Thomas J. Terputac*, for defendants.

CARSON, P.J., May 2, 1962.—Plaintiffs filed a complaint in mandamus against defendants, alleging plaintiffs were members of Local Union 1662 AFL-CIO, affiliated with the American Federation of State, County and Municipal Employes; that the union, in 1961, entered into a contract with the township of Cecil, one of defendants, granting seniority and statutory rights to plaintiff-employes as members of said union; and further that on or about January 1, 1962, defendants did not recall plaintiffs to work and instead hired and called to work new employes or other men with less seniority.

It is alleged that such acts are contrary to a contract entered into between the township and the union and also contrary to the Act of August 26, 1953, P.L. 1474, as amended. The act referred to is an amendment of the Act of June 30, 1947, P.L. 1183, as amended.

Defendants filed the following preliminary objections:

### Lack of Capacity of Plaintiffs to Sue

1. This action in mandamus is brought by plaintiffs in their own names.

2. The action brought by plaintiffs against the de-

fendants can not be brought in their own names because they are not parties to the alleged contract.

*Demurrer*

3. The complaint in mandamus fails to state a cause of action.

4. The action in mandamus can not lie as a matter of law.

5. The action in mandamus is an improper remedy under the facts alleged in the complaint.

At the oral argument, defendants' counsel conceded that plaintiffs have capacity to sue in their own names, and therefore, without discussion, objections nos. 1 and 2 are dismissed.

The question left for decision is whether an action in mandamus is a proper remedy and whether the township can be compelled to submit to arbitration under article VI, sec. 2, subsec. 3, and whether the grant of such writ is in accordance with the Act of June 30, 1947, P.L. 1183, as amended.

Counsel for defendants argues that since a private contract is involved, the court has no jurisdiction to issue the writ of mandamus since it would not have jurisdiction of the subject matter unless it were a public contract. Counsel cites the case of Strank v. Mercy Hospital of Johnstown, 376 Pa. 305, 102 A. 2d 170 (1954). The Strank case, however, sets forth as the test for jurisdiction to issue the writ, not whether the contract involved is private or public, but, at page 311:

"In other words the law must make the court competent to entertain the particular controversy. Unless special statutory provisions have changed the rule, the use of mandamus is limited to the enforcement of rights and duties imposed by law, and, if the right or duty rests *wholly* on contract, the writ will not issue to enforce it." (Italics supplied.)

This means simply that if the law, somewhere outside the contract gives the court power to determine the issue, then the court does have jurisdiction to hear the controversy.

The Act of June 30, 1947, P.L. 1183, 43 PS §215.1, is referred to by counsel for defendants as "Strikes by Public Employes Act." However, nowhere in this act is such a title used. This caption is supplied by the compilers of Purdon's Statutes, Annotated, and is not the title to the act as implied in defendants' brief. This act provides the court with power to hear and determine the matter of grievances, outside the contract. It gives the court of common pleas this power in section (b), wherein it is provided:

". . . That nothing contained in this act shall be construed to limit, impair or affect the right of any public employe to the expression or communication of a view, grievance, complaint or opinion on any matter related to conditions or compensation of public employment, or the betterment thereof, so long as the same is not designed to and does not interfere with the full, faithful and proper performance of the duties of employment . . . In order to avoid or minimize any possible controversies by making available full and adequate governmental facilities for the adjustment of grievances, the governmental agency involved, at the request of the public employes shall, within fifteen (15) days of such request, set up a panel of three members, one to be selected by the employes, one by the governmental agency, and the two so selected to select a third member . . . If the controversy involves any political subdivision of the Commonwealth or any other authority within a political sub-division, such petition for the selection of a third member of the panel shall be presented to the court of common pleas of the county wherein the political subdivision or the authority is

situated. Upon receipt of such a petition, the proper court shall select the third member . . ."

Under this act the governmental officials of political subdivisions of the Commonwealth are required to perform certain ministerial acts and these acts are certainly within the jurisdiction of the court of common pleas of the county wherein the political subdivision is situated. The Act of June 8, 1893, P.L. 345, sec. 1, as amended, 12 PS §1911, provides the remedy of mandamus as follows:

"The several courts of common pleas shall, within their respective counties, have the power to issue writs of mandamus to all officers and magistrates elected or appointed in or for the respective county, or in or for any township, district, or place within such county, and to all corporations being or having their chief place of business within such county and to any corporation doing business or having its property, in whole or in part, within the county . . ."

In Broadwater v. Otto, 370 Pa. 611 (1952), although not directly in point in this case, since it involved a *discharged* employe, not an employe who is still holding a position, the case does decide collaterally that:

"Public employes while prohibited from striking are not prevented from the formation of employe unions or restricted from lawful activities therein . . ."

There is no threat in this case of a strike by the public employes involved. The seeking of the remedy provided in the statute cannot be considered unlawful.

To summarize, this court is of the opinion that the Act of 1947 indicates a purpose not only of prohibiting strikes by public employes but also of permitting public employes a procedure whereby grievances may be voiced by the employes short of strikes which might cripple an important governmental function to the detriment of the public at large. In other words, the purpose of the act is to prohibit one weapon of organized

labor in its controversies with the governmental agencies, and to reaffirm and establish another effective weapon in determining these controversies without strikes.

Counsel for defendants argues that plaintiffs are not entitled to protection of the Public Labor Relations Act since it specifically excludes under the term "employer" political subdivisions of the Commonwealth. Counsel refers to paragraph 12 of the complaint which sets out a provision in the contract for arbitration under the provisions of the Public Labor Relations Act. The parties to this contract obviously intended that the arbitration procedure set up in section 6 of the act would be used should arbitration be deemed proper; they did not thereby place themselves under the act.

The court is of the opinion that the complaint does set forth a good cause of action and that the allegations of the complaint are sufficient to require answer by defendants.

Wherefore, the court issues the following.

### *Order*

And now, May 2, 1962, the preliminary objections filed by defendants in the above-captioned case are dismissed and defendants are directed to answer the complaint within 20 days from date of this order.