860 A.2d 25 (2004)
Kim HEATH, Appellant,
v.
WORKERS' COMPENSATION APPEAL BOARD (PENNSYLVANIA BOARD OF PROBATION AND PAROLE), Appellee.
Supreme Court of Pennsylvania.
Argued October 22, 2003.
Decided October 20, 2004.
*26 Joseph F. Bouvier, Esq., Eugene Mattioni, Esq., Philadelphia, for Kim Heath.
Thomas C. Baumann, Esq., Pittsburg, for amicus curiae PA Trial Lawyers Association.
Robert P. Schenk, Esq., Audrey J. Copeland, Philadelphia, for Pennsylvania Board of Probation and Parole.
Amber M. Kenger, Esq., Richard C. Lengler, Esq., Harrisburg, for Workers' Compensation Appeal Board.
BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

OPINION
Chief Justice CAPPY.[*]
In this case, Kim Heath ("Claimant") filed a claim petition under Pennsylvania's Workers' Compensation Act ("Act"), 77 P.S. § 1 et seq., alleging that she sustained a work-related psychic injury that was caused by sexual harassment by a supervisor and acts of retaliation by her employer. On appeal, the Commonwealth Court viewed the "personal animus" exception in Section 301(c) of the Act, 77 P.S. § 411(1), *27 as an issue of subject matter jurisdiction, raised the exception sua sponte, and applied it to the facts. We conclude that in doing so, the Commonwealth Court erred. Accordingly, we vacate the Commonwealth Court's order and remand this case to the Commonwealth Court to reconsider the merits of Claimant's appeal from the Workers' Compensation Appeal Board's ("Board") decision.
In 1996, Claimant began her employment with the Pennsylvania Board of Probation and Parole ("Employer") as a parole agent at the Graterford Prison. At that time, James Newton ("Newton") also was employed by Employer, as a Regional Institutional Parole Manager. Beginning in October of 1997, while at work, Newton repeatedly requested to see Claimant socially and engaged her in unwelcome interactions. When Claimant rejected Newton's advances, he gave her additional work. In February of 1998, Claimant informed her supervisor of Newton's conduct and filed a grievance with her union. Newton's conduct toward Claimant, however, continued. Claimant filed a complaint of sexual harassment against Newton with Employer's Affirmative Action Officer on March 4, 1998, and an investigation took place. Shortly thereafter, Claimant's relationships with other parole agents became problematic. On April 1, 1998, Claimant was instructed to report to work at Employer's office located in South Philadelphia. Claimant did as she was instructed, but was given no desk or assignments. Claimant began to manifest symptoms of anxiety and consulted with a psychologist. The psychologist diagnosed Claimant as suffering from an acute stress disorder and advised her to stop work. Claimant remained out of work while Employer searched for an alternative position for her.
On June 24, 1998, Claimant filed a claim petition under the Act, alleging that as of May 1, 1998, while in the course of her employment, she sustained a disabling psychic injury in the form of stress anxiety, which was caused by Newton's sexual harassment and Employer's retaliation. Employer filed an answer, denying Claimant's allegations.
In November of 1998, Employer informed Claimant that a position at its Chester facility was available and asked her to sign a release of all claims. As Claimant would not agree to the release, the position was not given to her. In January of 1999, Employer advised Claimant that she risked termination, if she did not return to work. Claimant reported to work, but again, was provided with no desk or assignments. Claimant began to feel more depressed and anxious. On February 5, 1999, Claimant's treating psychologist informed Employer that Claimant could not work due to her medical condition. On March 3, 1999, Employer advised Claimant that she had to return to work or apply for disability retirement or tender her resignation. Claimant rejected all three options. On April 16, 1999, Employer terminated Claimant's employment.
Following several hearings, on March 6, 2001, the Workers' Compensation Judge ("WCJ") granted Claimant's claim petition, determining that Claimant satisfied her burden of proving that she was disabled by a work-related psychic illness that arose out of the abnormal working conditions that were created by Newton's conduct toward her and by the actions Employer took after she lodged complaints about his behavior.
Employer appealed to the Board, challenging the WCJ's findings of fact, legal conclusions, and an evidentiary ruling; objecting to the competency of Claimant's experts; asserting that Claimant failed to *28 prove the existence of abnormal working conditions or to provide objective, corroborating evidence of her descriptions of the workplace; questioning the WCJ's authority to find sexual harassment; and raising the doctrine of collateral estoppel. In a decision and order dated February 25, 2002, the Board reversed the WCJ's order granting Claimant's claim petition. Applying the principle that the recovery of workers' compensation benefits for a psychic injury depends on the presence of objective evidence that such an injury is other than a subjective reaction to normal working conditions, see Davis v. Workers' Compensation Appeal Board (Swarthmore Borough), 561 Pa. 462, 751 A.2d 168, 174 (2000), the Board concluded that Claimant's testimony that her interactions with Newton were out of the ordinary and constituted incidents of harassment was uncorroborated and that the conditions of employment in which Claimant found herself after she complained about Newton were not abnormal.
Claimant filed an appeal in the Commonwealth Court. In a published opinion, the Commonwealth Court affirmed the Board's order. Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole), 811 A.2d 90 (Pa.Cmwlth.2002). Following a recitation of the facts, the Commonwealth Court referred to Section 301(c) of the Act and observed that under that portion of the provision that is commonly known as the "personal animus" exception, injuries that arise from personal conduct at the workplace are not compensable. Id. at 96.[1] The Commonwealth Court went on to state that even though Employer did not argue the exception, it could be considered. Id. According to the court, because the exception addressed subject matter jurisdiction, it could be raised by the court's own motion. Id. Further, if applicable, the exception would provide the court with an alternative ground upon which to affirm the Board's order. Id. The court then stated that even if it accepted Claimant's allegations of sexual harassment on the part of Newton as true and there was corroborative evidence to support them, it believed, as did the Superior Court in Schweitzer v. Rockwell International, 402 Pa.Super. 34, 586 A.2d 383, 385 (1990), that "when a co-employee or third party sexually harasses an employee, any resulting mental injury is not compensable under the Act because Section 301(c)(1) operates to remove any claim for that injury from the purview of the [Act]." Id. at 97. Turning next to Claimant's allegations regarding the other injury-producing conditions that Employer imposed upon her, the Commonwealth Court agreed with the Board that either the conditions were not abnormal or that Claimant failed to prove that the conditions actually existed. Id. at 97-98.
This court granted review. Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole), 573 Pa. 700, 825 A.2d 1263 (2003). In cases brought under the Act, we must *29 affirm the adjudication below, unless we find that an error of law was committed, that constitutional rights were violated, that a practice or procedure of a Commonwealth agency was not followed or that any necessary finding of fact was not supported by substantial evidence of record. 2 Pa.C.S. § 704; Volterano v. Workmen's Compensation Appeal Board (Traveler's Ins. Co.), 536 Pa.335, 639 A.2d 453, 455-56 (1994).[2]
Claimant raises a threshold issue that we first consider. Claimant contends that the "personal animus" exception in Section 301(c) of the Act can play no role in this case. It is Claimant's position that the exception is not a question of subject matter jurisdiction; that the Commonwealth Court erred by raising it; and that Employer waived it. Employer counters without discussion that the exception plainly implicates the Commonwealth Court's appellate jurisdiction under 42 Pa.C.S. § 763.
We begin with the well-established principle that subject matter jurisdiction is a question that is not waivable and may be raised by a court on its own motion. In re Adoption of N.M.B., 564 Pa. 117, 764 A.2d 1042, 1045 n. 1 (2000). Therefore, we have no quarrel with the Commonwealth Court's asking sua sponte whether the "personal animus" exception implicated its subject matter jurisdiction. Rather, we disagree with the Commonwealth Court's ultimate conclusion that the exception is indeed jurisdictional.
As we have stated, jurisdiction of the subject matter is conferred by the Commonwealths Constitution and laws. Strank v. Mercy Hospital of Johnstown, 376 Pa. 305, 102 A.2d 170, 172 (1954). We have explained that "the test for determining whether a court has jurisdiction of the subject matter is the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs." Id. (emphasis in original). In other words, we determine whether "the court had power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case." Id.
In Section 301(c), the Act provides definitions, including the definition for an "injury arising in the course of [an employee's] employment" for which an employee may be awarded benefits under the Act. 77 P.S. § 411(1). Since Section 301(c)'s enactment, the "personal animus" exception has been contained therein, and excepts from that definition "an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment[.]" See Act of June 2, 1915, P.L. 736, No. 338, art. III, § 301(c).
In Keyes v. New York, O. & W. Ry. Co., 265 Pa. 105, 108 A. 406 (1919), where the employer alleged the "personal animus" exception in its answer to the claim petition, we determined the exception's nature. It is an affirmative defense, which the party who is defending against a claim brought under the Act has the burden of proving. We stated:
The case turns on the burden of proof as to that fact [whether the injury was caused by an act of a third person intended to injure the employee because of reasons personal to the third party and not directed against him as an employee *30 or because of his employment]; the lower court held it was upon the claimants, while the compensation board held it was upon the defendant. We agree with the latter. The general rule is one of liability for violent injury suffered by an employe in the course of his employment, as this undoubtedly was; the exception is that the employer is not liable for "an injury caused by an act of a third person intended to injure the employe because of reasons personal to him." The burden of proving the exception rests upon the party interposing it as a defense, for as to that issue he holds the affirmative. The burden of proof of a particular allegation rests upon the side to whose case it is necessary, and that is the defendant here.
Id. at 406. (citations omitted). Moreover, we have viewed the exception as a means by which an employer may rebut the presumption that an injury that occurred on his premises is work-related. See Kohler v. McCrory Stores, 532 Pa. 130, 615 A.2d 27, 30 (1992).
In light of these principles, we conclude that the "personal animus" exception in Section 301(c) of the Act does not implicate subject matter jurisdiction. The instant controversy is clearly one of a general class that a WCJ, the Board, and the Commonwealth Court are empowered to decide. That is, a WCJ and the Board are authorized by the Act to determine whether or not an employee who alleges that he was injured during the course of his employment is entitled to compensation. 77 P.S. §§ 701, 710. In turn, the Commonwealth Court is authorized to hear an appeal from such a determination. 2 Pa.C.S. § 704; 42 Pa.C.S. § 763(a)(1). Whether the "personal animus" exception applies and removes an employee's alleged injury from Section 301(c)'s definition of a compensable injury under the Act goes only to whether the compensation a claimant seeks will ultimately be granted; it has nothing whatsoever to do with whether a WCJ, the Board, or the Commonwealth Court on appeal is empowered to decide his claim for workers compensation. See Strank, 102 A.2d at 172.
As the "personal animus" exception is not jurisdictional, it is not an issue for a court to raise sua sponte. See id. Rather, as Keyes teaches, the party defending against the claim for workers compensation is to raise the exception. See Keyes, 108 A. at 406. In this case, however, that party, i.e., Employer, did not do so. In Rox Coal Co. v. Workers' Compensation Appeal Board (Snizaski), 570 Pa. 60, 807 A.2d 906 (2002), we held that waiver principles will be applied in a workers' compensation setting and ruled that another statutory exception to the definition of compensable injury in Section 301(c) was waived by a party's failure to raise it. Thus, Employer's failure to raise the "personal animus" exception means that the issue was waived. Id. at 911-14. It necessarily follows that the exception should have played no part in the Commonwealth Court's review in the present case.
For these reasons, we vacate the Commonwealth's Court's order and remand this case for the court to reconsider the merits of Claimant's appeal from the Board's decision. The court is to reconsider whether Claimant proved her claim with regard to Newton's actions. Likewise, insofar as the Commonwealth Court's application of the "personal animus" exception may have affected its review of the Claimant's claim that she was entitled to compensation under the Act for certain actions that were taken by Employer after she reported Newton's conduct, the Court's is *31 to reconsider that claim.[3]
Former Justice LAMB did not participate in the decision of this case.
NOTES
[*] This appeal was reassigned to this author.
[1] The relevant statutory language is:

411. "Injury," "personal injury," and "injury arising in the course of his employment" defined
(1) The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury;.... The term injury arising in the course of his employment, as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment[.]
77 P.S. 411(1) (emphasis added).
[2] The issue we address in this appeal raises a question of law. Accordingly, our standard of review is de novo, and to the extent necessary, the scope of our review is plenary as this court may review the entire record in making its decision. See Buffalo Township v. Jones, 571 Pa. at 644 n. 4, 813 A.2d 659 (2002).
[3] In light of our disposition, we do not address and express no opinion on the meaning or application of the "personal animus" exception in these circumstances. See Rox Coal, 807 A.2d at 914 (refusing to address the substance of employer's contention regarding the meaning and application of certain amendments to a Section 301(c) exception inasmuch as the exception was waived).