IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Jack Buncher Foundation | : | **CASES CONSOLIDATED** |
| | : | |
| Appeal of: Amy Rubinoff, Caryn | : | |
| Rubinoff, Michael Rubinoff, and | : | |
| Daniel Rubinoff | : | No.  291 C.D. 2022 |
| | : | |
| | : | |
| In Re: Jack Buncher Foundation | : | |
| | : | |
| Appeal of: H. William Doring, | : | |
| Thomas J. Balestrieri, Joseph M. | : | |
| Jackovic and The Jack Buncher | : | No. 345 C.D. 2022 |
| Foundation | : | Argued:  May 10, 2023 |


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE WALLACE                                    FILED:  January 19, 2024


In these consolidated cross-appeals, Amy Rubinoff, Caryn Rubinoff, Michael Rubinoff, and Daniel Rubinoff (Rubinoffs) appeal from the order dated January 28, 2022, by the Court of Common Pleas of Allegheny County, Orphans' Court Division (orphans' court), directing them to pay $500,000 in attorneys' fees and costs to The Jack Buncher Foundation (Foundation).  The Rubinoffs contend the Foundation was

not entitled to fees and costs, or, alternatively, should have received fees and costs in a lesser amount. In addition, the Rubinoffs contend the orphans' court judge displayed bias against them and should have recused himself. H. William Doring (Doring), Thomas J. Balestrieri (Balestrieri), Joseph M. Jackovic (Jackovic), and the Foundation (collectively, Directors) appeal from the same order, but maintain the orphans' court should have awarded the full amount of fees and costs they requested, totaling approximately $1.5 million. After review, we reverse the award of fees and costs but conclude the Rubinoffs failed to preserve their allegations of bias.[1]

## I. Background

We detailed the extensive history of this case in a prior decision, *In Re: Jack Buncher Foundation* (Pa. Cmwlth., No. 306 C.D. 2019, filed July 1, 2020). Briefly, the Foundation is a charitable nonprofit corporation named for prominent Pittsburgh businessman Jack Buncher (Jack). Jack had two children, Bernita Buncher (Bernita) and Stephen Buncher. The Rubinoffs are Bernita's children. Jack and several family members, including Bernita, formed the Foundation in 1974. Jack died in 2001. The Foundation's Board of Directors subsequently amended the articles of incorporation and bylaws in 2011 (2011 articles and bylaws). At the time of the amendments, the Board of Directors included Bernita, Balestrieri, Doring, and Jackovic.

On April 12, 2017, the Rubinoffs filed a petition for rule to show cause.[2] The Rubinoffs alleged Balestrieri, Doring, and Jackovic exercised undue influence over Bernita and breached their fiduciary duties by adopting the 2011 articles and bylaws. Among other things, the Rubinoffs alleged the 2011 articles and bylaws contravened

---

[1] The Commonwealth, through its counsel, the Office of Attorney General, filed a statement in this Court indicating it would not be taking a position in these cross-appeals.

[2] The Rubinoffs initially filed a complaint in the Civil Division on July 26, 2016. The matter was transferred to the orphans' court, where the Rubinoffs filed the petition for rule to show cause.

Jack's intent because they eliminated the right of his decedents to serve on the Board of Directors and redirected the Foundation's assets to causes he did not support. The Rubinoffs requested the orphans' court declare the 2011 articles and bylaws invalid; reinstate prior versions of the articles and bylaws; remove Balestrieri, Doring, and Jackovic from the Board of Directors; appoint one of the Rubinoffs to the Board of Directors; and award attorneys' fees and costs.

The Directors filed an answer and new matter on May 8, 2017, in which they denied the Rubinoffs' allegations and included their own request for attorneys' fees and costs. The Directors based their request on Count III of the petition for rule to show cause, which the Rubinoffs brought "derivatively on behalf of the Foundation and individually as presumptive directors" against Balestrieri, Doring, and Jackovic under Section 5782 of the Nonprofit Corporation Law of 1988 (Law), 15 Pa.C.S. § 5782. Reproduced Record (R.R.) at 201a-02a (unnecessary capitalization omitted). The Directors contended the Rubinoffs lacked standing to bring a derivative claim because they were not and never had been "members" of the Foundation as Section 5782 required.[3] Additionally, the Directors argued the Rubinoffs failed to comply

---

[3] The Law defines a "member" as any of the following:

(1) A person that has voting rights in a membership corporation.

(2) When used in relation to the taking of corporate action by a membership corporation, a delegate to a convention or assembly of delegates of members established pursuant to any provision of this subpart who has the right to vote at the convention or assembly in accordance with the rules of the convention or assembly.

(3) A person that has been given voting rights or other membership rights in a membership corporation by a bylaw adopted by the members pursuant to section 5770 (relating to voting powers and other rights of certain securityholders and other entities) or other provision of law, but only to the extent of those rights.

**(Footnote continued on next page…)**

with Section 5782(c), which required them to post security for reasonable expenses, including attorneys' fees, that the Foundation might incur. The Rubinoffs filed a reply and answer to new matter on May 19, 2017. The Rubinoffs asserted they had standing to pursue a claim under Section 5782 but denied it was necessary for them to post security "under the facts and law applicable to this matter." Reply to Answer and New Matter, 5/19/17, ¶ 3.[4]

On May 31, 2017, counsel for the Rubinoffs, William Pietragallo, II, Esquire (Pietragallo), e-mailed counsel for the Directors, Joseph F. McDonough, Esquire (McDonough), to propose a "compromise." R.R. at 20a. Pietragallo explained the Rubinoffs would provide him with $100,000 to be deposited in an interest-bearing account, as security for attorneys' fees "should the [orphans' c]ourt enter an [o]rder awarding [attorneys'] fees to [the Directors] and after any final appeal thereof." *Id.* McDonough agreed to the compromise, proposing the Rubinoffs make their deposit "without prejudice to [Pietragallo's] position that no fees/expenses are recoverable and also without prejudice to [McDonough's] position that they are recoverable in an amount (whether more or less than the $100,000 deposit) to be determined by final [c]ourt [o]rder including available appeals." *Id.* at 21a.

The parties memorialized the compromise in a letter signed by Pietragallo and McDonough and dated June 1, 2017. In the letter, Pietragallo explains:

> Our law firm will establish an escrow account in the principal sum of One Hundred Thousand Dollars ($100,000) for the purpose of

---

(4) A shareholder of a corporation, if the corporation issues shares of stock.

Section 5103(a) of the Law, 15 Pa.C.S. § 5103(a).

[4] Some of the Rubinoffs' pleadings, including their reply and answer to new matter, do not appear in the reproduced record.

providing security for any claim that the [Directors] may have regarding attorneys' fees . . . should [the Directors] be awarded any such attorneys' fees by the [c]ourt and, if appealed, sustained by a final order of an appellate court.

R.R. at 23a.

Moreover, a stipulated case management order, dated June 20, 2017, explains the compromise as follows:

On or before June 15, 2017, counsel for [the Rubinoffs] will confirm to counsel for [the Directors] in writing that [the Rubinoffs] have deposited with counsel for [the Rubinoffs] the sum of $100,000 to be held by counsel for [the Rubinoffs] in an interest-bearing account as payment for counsel fees should the [orphans' c]ourt enter a final [o]rder (after any appeals) awarding counsel fees under [Section] 5782(c) or otherwise[.]

R.R. at 26a.

The proceedings culminated in a nine-day hearing beginning July 9, 2018, and ending July 19, 2018. By order dated February 12, 2019, the orphans' court denied the Rubinoffs' requested relief while reserving the Directors' request for attorneys' fees and costs. The orphans' court found the Directors did not exert undue influence over Bernita or breach their fiduciary duties when they adopted the 2011 articles and bylaws. The Rubinoffs appealed, and this Court affirmed on July 1, 2020. *See Jack Buncher Foundation.* The Rubinoffs filed a petition for allowance of appeal, which our Supreme Court denied on January 5, 2021.

Shortly thereafter, on March 19, 2021, the Directors filed a petition requesting nearly $1.5 million in attorneys' fees and costs. The Directors once again relied on Count III of the petition for rule to show cause and Section 5782(c) of the Law. The Directors averred they took a "measured approach" to the underlying litigation and sought to bring the dispute to a prompt conclusion while minimizing expenses. R.R.

5

at 12a. They contrasted this with the Rubinoffs' "contumacious behavior," which included lengthy and unnecessary pleadings and discovery requests. *Id.* at 16a.

The Rubinoffs filed an answer and new matter on April 8, 2021. They argued Section 5782(c) did not permit the Directors to recover attorneys' fees and costs. In the alternative, they argued any award should be limited to the $100,000 deposited under the parties' compromise in 2017. The Rubinoffs averred they had already sent a check for $101,869.58 to the Foundation "not because [the Rubinoffs] believed the Foundation was entitled to this amount, but because [they] thought it better that such sum went to charity rather than to counsel from both sides in a senseless fight over fees that are simply not due." Answer and New Matter, 4/8/21, ¶ 47. The Rubinoffs noted only Count III of their petition for rule to show cause was a derivative claim, and the underlying litigation was essentially a direct action.[5]

The orphans' court conducted a hearing on November 9, 2021. By order dated January 28, 2022, the orphans' court directed the Rubinoffs to increase their posted security to $500,000, which the Directors would be entitled to recover. The orphans' court found the Foundation does not have any "members" under Section 5782. R.R. at 207a. The orphans' court concluded, despite this, that the parties agreed Section 5782 permitted a nonprofit corporation to recover attorneys' fees and costs incurred when successfully defending an action against itself or its directors. *Id.* at 209a. The orphans' court acknowledged the Rubinoffs did not challenge the reasonableness of the Directors' fees and costs, but it concluded the $1.5 million request was excessive, citing "numerous instances of duplicative billing, frequent 'revising,' and countless conferences between counsel in the same firm." *Id.* at 211a. The Rubinoffs' pursuit

_____

[5] The Directors filed a reply on April 13, 2021, and denied the averments in the Rubinoffs' new matter. The Rubinoffs filed a motion for judgment on the pleadings on May 28, 2021, which the orphans' court denied by order dated July 27, 2021.

of the litigation was not frivolous, the orphans' court noted, and necessarily involved extensive discovery. *Id.*

The Rubinoffs appealed to this Court, and the Directors cross-appealed.[6]  Both sets of parties challenged the award of attorneys' fees and costs, with the Rubinoffs arguing the Directors were not entitled to fees and costs, or, in the alternative, should have received a lesser award, and the Directors arguing they should have received the full amount of fees and costs requested.  Moreover, the Rubinoffs raised a new claim in their concise statement of errors complained of on appeal, maintaining the orphans' court judge displayed bias against them and should have recused himself. The orphans' court responded with an additional opinion, emphasizing the Rubinoffs never alleged bias or requested recusal.  It further emphasized its "patient[]" conduct of the underlying litigation, which included numerous conferences and motions, and a nine-day hearing.  R.R. at 221a.

## II. Attorneys' Fees and Costs

We begin our analysis with the Rubinoffs' challenge to the award of attorneys' fees and costs.  Primarily, this challenge requires us to consider whether the orphans' court correctly interpreted Section 5782(c) of the Law.  This is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014) (citing *Dechert LLP v. Commonwealth*, 998 A.2d 575, 579 (Pa. 2010)).  Stated differently, we do not defer to the orphans' court when reaching a decision, and we may review the entire record on appeal.  *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082

---

[6] The Rubinoffs purport to challenge not only the January 28, 2022 attorneys' fees and costs order, but also orders entered as part of the underlying litigation. *See* Rubinoffs' Br. at 2-3.  This Court has already heard an appeal from, and affirmed, the order resolving the underlying litigation, *see Jack Buncher Foundation*, and only the January 28, 2022 order is properly before us.

7

(Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

Our research has revealed no prior decisions interpreting Section 5782(c). At the time the Rubinoffs filed the petition for rule to show cause in the orphans' court, Section 5782(a)-(c) provided as follows:

> **(a) General rule.--**Except as provided in subsection (b), in any action or proceeding brought to enforce a secondary right on the part of one or more members of a nonprofit corporation against any present or former officer, director or member of an other body of the corporation because the corporation refuses to enforce rights that may properly be asserted by it, each plaintiff must aver and it must be made to appear that each plaintiff was a member of the corporation at the time of the transaction of which he complains.

> **(b) Exception.--**Any member who, except for the provisions of subsection (a), would be entitled to maintain the action or proceeding and who does not meet such requirements may, nevertheless in the discretion of the court, be allowed to maintain the action or proceeding on preliminary showing to the court, by application and upon such verified statements and depositions as may be required by the court, that there is a strong prima facie case in favor of the claim asserted on behalf of the corporation and that without the action serious injustice will result.

> **(c) Security for costs.--**In any action or proceeding instituted or maintained by less than the smaller of 50 members of any class or 5% of the members of any class of the corporation, the corporation in whose right the action or proceeding is brought shall be entitled at any stage of the proceedings to require the plaintiffs to give security for the reasonable expenses, including attorney fees, that may be incurred by the corporation in connection therewith or for which it may become liable pursuant to section 5743 (relating to mandatory indemnification), but only insofar as relates to actions by or in the right of the corporation, to which security the corporation shall have recourse in such amount as the court determines upon the termination of the action or proceeding. The amount of security may from time to time be increased or decreased in the discretion of the court upon showing that the security provided has or is likely to become inadequate or excessive. The

security may be denied or limited by the court if the court finds after an evidentiary hearing that undue hardship on plaintiffs and serious injustice would result.

15 Pa.C.S. § 5782 (a)-(c).[7]

Section 5751(a) of the Law, 15 Pa.C.S. § 5751(a), contemplates that members of a nonprofit corporation will be organized into "classes." It provides:

> **(a) General rule.--**Membership in a nonprofit corporation shall be of the classes, and shall be governed by the rules of admission, retention, suspension and expulsion, prescribed in bylaws adopted by the members, except that the rules shall be reasonable, germane to the purpose or purposes of the corporation and equally enforced as to all members of the same class. Unless otherwise provided by a bylaw adopted by the members:
>
> > (1) There shall be one class of members whose voting and other rights and interests shall be equal.
> >
> > (2) If there is only one class of members, the members shall have all the rights of members generally in a nonprofit corporation.

*Id.*

## A. The Rubinoffs' arguments

The Rubinoffs maintain Section 5782 of the Law did not permit the orphans' court to award attorneys' fees and costs against them. Rubinoffs' Br. at 35-49. They contend Section 5782 applies to "members" of a nonprofit corporation, which they are not. *Id.* at 44-49. The Rubinoffs deny they ever admitted Section 5782 permits an award against them and insist they challenged this during the proceedings below. *Id.* at 35-38. They also emphasize Section 5782 applies to derivative claims, rather

---

[7] The General Assembly amended Section 5782 after the orphans' court awarded attorneys' fees and costs. *See* Act of November 3, 2022, P.L. 1791. The amendment did not change the language of Section 5782 in a way that would have affected the outcome of the parties' dispute.

than direct claims. *Id.* at 44-45, 52-57. The Rubinoffs contend only one-half of one of the counts in the petition for rule to show cause was derivative, and the gravamen of their action was to recover for direct harm. *Id.* The Rubinoffs argue, to the extent they must pay fees and costs, that they should pay 7.14% of the Directors' requested award, or $107,643.65, because only 7.14% of their total claims were derivative. *Id.* at 44-45, 57.

The Rubinoffs note, alternatively, that Section 5782(c) applies to "members of any class." Rubinoffs' Br. at 49-52 (quoting 15 Pa.C.S. § 5782(c)). They describe themselves as comprising nearly half of the "class" of Jack's descendants, including Bernita's grandchildren. *Id.* Therefore, they argue their action was not brought "by less than the smaller of 50 members of any class or 5% of the members of any class of the corporation." *Id.* (quoting 15 Pa.C.S. § 5782(c)). The Rubinoffs propose the parties agreed to limit the potential attorneys' fees and costs awarded to the $100,000 security they posted during the underlying litigation. *Id.* at 28-29, 45.

**B. The Directors' arguments**

The Directors contend Section 5782 applies because the Rubinoffs relied on it during the underlying litigation and raised derivative claims. Directors' Reply Br. at 18-34. The Directors also cite the parties' compromise in 2017, under which the Rubinoffs agreed to post security while the litigation was pending. *Id.* The Directors maintain Section 5782(c) specifies the minimum number of "members" that a group of plaintiffs or petitioners must have in order to be excused from paying attorneys' fees and costs. *Id.* at 20-32. Because the Foundation has no members, the Directors contend the Rubinoffs cannot meet Section 5782(c)'s threshold. *Id.* at 25-32.

Additionally, the Directors challenge the amount of attorneys' fees and costs the orphans' court awarded. Directors' Br. at 14-26. They argue the orphans' court

10

should have awarded the $1.5 million they requested, rather than $500,000. *Id.* The Directors defend the reasonableness of their $1.5 million request, characterizing the Rubinoffs' approach to the underlying litigation as "aggressive." *Id.* at 16-19. The Directors argue the Rubinoffs did not contest the reasonableness of the fees and costs incurred. *Id.* at 16-24. They acknowledge the orphans' court deemed some fees and costs excessive but insist it failed to sufficiently explain how it arrived at a $500,000 figure. *Id.* at 15, 21-26. The Directors contend the belief that the Rubinoffs' petition for rule to show cause was not frivolous does not justify a smaller award of fees and costs. *Id.* at 14-15, 20.

**C. Analysis**

Section 5782(c) of the Law applies to "any action or proceeding instituted or maintained by **less than the smaller of 50 members of any class or 5% of the members of any class** of the corporation." 15 Pa.C.S. § 5782(c) (emphasis added). The orphans' court and the parties agree the Rubinoffs are not members, and, in fact, the Foundation has no members. Accordingly, Section 5782(c) does not permit an award of attorneys' fees and costs against them.

Although the Directors contend Section 5782(c) sets a minimum threshold of members that plaintiffs must have to avoid paying attorneys' fees and costs, their argument is contrary to the remainder of the section. Section 5782(a) applies to "any action or proceeding brought to enforce a secondary right on the part of **one or more members** of a nonprofit corporation." 15 Pa.C.S. § 5782(a) (emphasis added). It expressly requires that "each plaintiff must aver and it must be made to appear that each plaintiff **was a member of the corporation at the time of the transaction of which he complains**." *Id.* (emphasis added). Section 5782(b) supplies an exception

11

to this rule, but it applies only to "[a]ny **member**" who fails to meet the requirements of Section 5782(a). 15 Pa.C.S. § 5782(b) (emphasis added).

Moreover, our review of the record does not indicate the Rubinoffs "agreed" to pay attorneys' fees and costs. The Rubinoffs cited Section 5782 in Count III of their petition for rule to show cause. The Directors filed an answer and new matter, contending the Rubinoffs lacked standing under Section 5782 because they were not members of the Foundation. Nonetheless, the Directors maintained the Rubinoffs failed to post security as required under Section 5782(c). The Rubinoffs filed a reply and answer to new matter arguing they had standing under Section 5782 but denying it was necessary to post security "under the facts and law applicable to this matter." Reply to Answer and New Matter, 5/19/17, ¶ 3.

The parties reached a compromise, which they memorialized with a letter and stipulated case management order. R.R. at 23a-26a. Neither the letter nor the order, however, guaranteed the Rubinoffs would pay attorneys' fees and costs if they were unsuccessful in the underlying litigation. The letter stated the Directors "may have" a claim for fees and costs, while the order applied "should the [orphans' c]ourt enter a final [o]rder (after any appeals) awarding counsel fees under [Section] 5782(c) or otherwise[.]" *Id.*

When the Directors filed their petition for attorneys' fees and costs, they based their request on the letter and stipulated case management order. The Directors also attached a copy of McDonough's e-mail to Pietragallo, recognizing the Rubinoffs would make a deposit "**without prejudice to [their] position that no fees/expenses are recoverable**." R.R. at 21a (emphasis added). The relevant testimony during the hearing on November 9, 2021, focused on the circumstances surrounding the letter, the order, and counsels' e-mails.

12

We recognize the inconsistency of the Rubinoffs' litigation positions in this matter, which included citing Section 5782 of the Law when it suited them and then contending Section 5782(c) did not apply. Section 5782(a) should have prevented this problem by prohibiting the Rubinoffs from bringing a derivative action if they were not members of the Foundation. Neither the plain language of Section 5782(c), nor the parties' compromise, permitted the orphans' court to award attorneys' fees and costs against individuals who were never members and who could not bring a derivative action in the first place. Therefore, we reverse the January 28, 2022 order and $500,000 award of fees and costs.

### III. Alleged Orphans' Court Bias

Issues not raised in the orphans' court are waived and cannot be raised for the first time on appeal. Pennsylvania Rule of Appellate Procedure 302(a), Pa.R.A.P. 302(a). Additionally, any party requesting the recusal or disqualification of a judge must "raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *Lomas v. Kravitz*, 170 A.3d 380, 389 (Pa. 2017) (quoting *Goodheart v. Casey*, 565 A.2d 757, 763 (Pa. 1989)). If a party discovers alleged evidence of bias after a case is over, he or she must establish "1) the evidence could not have been brought to the attention of the [orphans'] court in the exercise of due diligence, and 2) that the existence of the evidence would have compelled a different result in the case." *Reilly v. Se. Pa. Transp. Auth.*, 489 A.2d 1291, 1301 (Pa. 1985).

Here, the Rubinoffs concede they did not request the orphans' court judge's recusal before he ruled on the merits of the underlying litigation and issued the order awarding attorneys' fees and costs. Rubinoffs' Reply Br. at 8-9. They instead argue they raised the issue "at the first opportunity to do so following the final [o]rder" by

13

including it in their concise statement of errors complained of on appeal. Rubinoffs' Reply Br. at 8-9. We cannot accept the Rubinoffs' explanation. In their brief, the Rubinoffs allege 12 "egregious examples" of bias, but 8 of those examples involve decisions and statements the judge made in the underlying litigation. *See* Rubinoffs' Br. at 35, 60-67. If the judge's decisions and statements were as "egregious" as the Rubinoffs suggest, they had every opportunity to seek recusal earlier. Accordingly, the Rubinoffs failed to preserve their claim of bias for our review.

Even reaching the merits of the Rubinoffs' argument, our review of the record does not show the orphans' court judge was biased against them. Recusal decisions are within the sound discretion of the judge whose recusal is sought. *Dunn v. Bd. of Prop. Assessment, Appeals & Rev.*, 877 A.2d 504, 517 (Pa. Cmwlth. 2005) (citing *Commonwealth v. Williams*, 732 A.2d 1167 (Pa. 1999)). As our Supreme Court has explained, "each judge has the primary responsibility for determining the validity of a challenge to his or her participation in a given matter. . . . [T]he jurist requested to recuse himself is the most capable to determine those factors hidden in the recesses of the mind and soul . . . ." *Goodheart*, 565 A.2d at 763 (citations omitted).

The Rubinoffs' allegations are primarily an attempt to relitigate the orphans' court ruling on the merits. Several examples of alleged bias challenge the conclusion that Bernita was mentally competent when the Board of Directors adopted the 2011 articles and bylaws. The Rubinoffs maintain the orphans' court "ignored" Bernita's mental health diagnoses, Rubinoffs' Br. at 65, although the orphans' court discussed Bernita's mental health at length in its opinions, *see* Orphans' Ct. Op., 2/12/19, at 11-14; Orphans' Ct. Op., 4/23/19, at 4-7. Strikingly, the Rubinoffs present the award of attorneys' fees and costs against them as four separate examples of bias, with each example focusing on a different statement the orphans' court made or failed to make

14

in its opinions. Rubinoffs' Br. at 60-62. We agree the orphans' court misinterpreted Section 5782(c) of the Law and erred by awarding fees and costs. At the same time, the orphans' court reduced the amount of fees and costs that the Rubinoffs would be required to pay, demonstrating an effort to treat both sets of parties fairly.

## IV. Conclusion

For all the foregoing reasons, the orphans' court erred by awarding attorneys' fees and costs to the Directors under Section 5782(c), and we reverse the orphans' court order dated January 28, 2022. The Directors shall return any attorneys' fees and costs already paid under the January 28, 2022 order within 30 days of the date of the attached order. The Rubinoffs failed to preserve their claim of orphans' court bias by not raising it sooner. Even reaching the merits of their claim, the Rubinoffs would not be entitled to relief.

_____
STACY WALLACE, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In re: Jack Buncher Foundation | : **CASES CONSOLIDATED** |
| | : |
| Appeal of: Amy Rubinoff, Caryn | : |
| Rubinoff, Michael Rubinoff, and | : |
| Daniel Rubinoff | : No. 291 C.D. 2022 |
| | : |
| | : |
| In Re: Jack Buncher Foundation | : |
| | : |
| Appeal of: H. William Doring, | : |
| Thomas J. Balestrieri, Joseph M. | : |
| Jackovic and The Jack Buncher | : No. 345 C.D. 2022 |
| Foundation | : |

# **O R D E R**

**AND NOW**, this 19th day of January 2024, the order of the Court of Common Pleas of Allegheny County, Orphans' Court Division, dated January 28, 2022, is **REVERSED**. Any attorneys' fees and costs already paid under the January 28, 2022 order shall be returned within 30 days of the date of this order.

_____
STACY WALLACE, Judge