J-S50018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CITIMORTGAGE, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN D. EBERLY AND KELLY L. EBERLY | |
| Appellants | No. 2236 MDA 2015 |

Appeal from the Order Entered November 30, 2015
In the Court of Common Pleas of Lancaster County
Civil Division at No: CI-12-05202

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:　　　　　**FILED SEPTEMBER 22, 2016**

Steven D. Eberly and Kelly L. Eberly ("Appellants") appeal from the November 30, 2015 order[1] entered in the Lancaster County Court of Common Pleas, granting summary judgment in favor of Appellee, Citimortgage, Inc. ("Citi").  Following review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  November 30, 2015 is the day on which the clerk made the notation in the docket that notice of entry of the order was given as required by Pa.R.C.P. 236(b).  Although the document itself bears a date stamp of November 25, the dockets reflects that notice of the order was not provided until November 30, 2015.  Therefore, the date of entry of the order is November 30, 2015, rather than November 25, 2015 as the trial court and the parties suggest. **See** Pa.R.A.P. 108(b).

The trial court provided the following procedural and factual background:

> On April 16, 2012, [Citi] initiated this action by filing a complaint in mortgage foreclosure. On May 16, 2012, [Appellants] filed an answer with new matter and counterclaim. On June 18, 2012, [Citi] filed various preliminary objections to the new matter and counterclaim. On May 15, 2013, the [c]ourt sustained [Citi's] preliminary objection to the factual insufficiency of [Appellants'] allegations that [Citi], as the assignee of [Appellants'] mortgage, is liable for the misconduct of an alleged agent of the mortgage assignor. (Trial court opinion, May [22], 2013).[2]
>
> On June 5, 2013, [Appellants] filed an amended new matter and counterclaim. On or about June 24, 2013, [Citi] filed preliminary objections again challenging the lack of factual sufficiency with

_____

[2] As the trial court explained in its opinion and order dated May 15, 2013, notice of which was provided to the parties on May 22, 2015 as reflected on the docket (***see*** n. 1), Appellants raised new matter asserting that Citi's claims were barred by accord and satisfaction. Trial Court Opinion, 5/22/13 at 2. Appellants also asserted a counterclaim alleging, *inter alia*, fraud on the party of OPFM, Inc., an entity that solicited Appellants to participate in an "equity slide down discount program." ***Id.*** Essentially, Appellants paid a large up-front sum to OPFM in exchange, they believed, for a better interest rate, shorter term, and lower monthly payment. They then made their lowered monthly payments to OPFM and signed a form instructing that any correspondence relating to the mortgage be directed to OPFM. Appellants sent their monthly mortgage payments to OPFM and OPFM apparently made the actual mortgage payments, using Appellants' payments supplemented by some of the large up-front sum received from Appellants. Appellants remained in the dark about the scheme and unaware that OPFM declared bankruptcy in 2007 until they were sued by Citi for defaulting on their actual mortgage. Before being sued, Appellants were under the impression that their mortgage had been paid in full, although they do not suggest that they ever received any documentation signifying that the mortgage was satisfied. ***See*** Trial Court Opinion and Order, 5/22/13, at 2-4 (quoting ***Jones v. ABN Amro Mortgage Group, Inc.***, 606 F.3d 119, 121-22 (3d Cir. 2010), another instance of the same perpetrators, led by Wesley Snyder, committing the same scheme).

respect to [Appellants'] new matter and counterclaim. On December 31, 2013, the [c]ourt sustained the preliminary objection to the legal insufficiency of the amended new matter and counterclaim.

On February 7, 2014, [Appellants] filed a motion to certify interlocutory order for appeal with respect to the [c]ourt's December 31, 2013 order.[3] On February 12, 2014, the [c]ourt denied the motion as untimely.[4] On January 28, 2015, the [c]ourt issued a rule on [Appellants] to show cause why their demand for a jury trial should not be stricken. On March 30, 2015, the [c]ourt ordered that [Appellants'] demand for a jury trial be stricken with prejudice.

On June 3, 2015, [Citi] filed its motion for summary judgment with supporting documents and a brief. On July 7, 2015, [Appellants] responded. The motion was subsequently assigned to the [c]ourt for decision.

Trial Court Opinion and Order, 11/30/15, at 1-2 (footnote omitted).

Following the trial court's November 30, 2015 grant of Citi's motion for summary judgment, Appellants filed this timely appeal. Both Appellants and the trial court complied with Pa.R.A.P. 1925. Appellants now present the following three issues for this Court's consideration:

1. Was Citi entitled to have [Appellants'] New Matter and Counterclaim dismissed when Citi was admittedly the

---

[3] The docket reflects that notice of entry of the December 31, 2013 order was given on January 7, 2014. Going forward, we shall refer to the order and its accompanying opinion using the January 7, 2014 date. **See** n. 1.

[4] Again, the docket reflects the clerk's notation indicating that notice of entry of the order was given on January 7, 2014. **See** n. 1. As will be discussed *infra*, Appellants had until February 6, 2014 to file a motion to certify the interlocutory order for appeal, **see** Pa.R.A.P. 1311(b), but did not file their motion until February 7, 2014.

assignee of the mortgage, [Appellants] pled Citi was also the successor by merger, [Appellants] pled 11 specific facts of an agency relationship, and [Appellants] pled they paid the mortgage in full to the servicer of the mortgage?

2. Were [Appellants] entitled to a substantive review of its (*sic*) Motion to Certify Interlocutory Order for Appeal when it was filed with (*sic*) the time allowed under the Rules of Appellate Procedure?

3. Was Citi entitled to the entry of summary judgment when [Appellants] did not specifically admit facts, but instead denied them which created a genuine dispute as to material facts?

Appellants' Brief at 4.

Appellants' first issue challenges the trial court's grant of Citi's preliminary objections to Appellants' new matter and the dismissal of Appellants' counterclaim. As such, our standard of review is *de novo* and our scope of review is plenary. **Trexler v. McDonald's Corp.**, 118 A.3d 408, 412 (Pa. Super. 2015). "We must determine whether the trial court committed an error of law." **Id.** (citation omitted).

In its May 22, 2013 opinion and order, the trial court addressed the grant of Citi's preliminary objections to Appellants' original new matter and counterclaim. The trial court recognized its obligation to "generally accept as true all well and clearly pleaded facts, together with such reasonable inferences as may be drawn from those facts, but not the pleader's conclusions or averments of law." Trial Court Opinion and Order, 5/22/13, at 6 (citation omitted). The trial court acknowledged that preliminary objections seeking dismissal of a cause of action "should be sustained only in

cases that are clear and free from doubt." ***Id.*** "The question presented by a demurrer is whether, on the facts averred, the law says with certainly that no recovery is possible. Any doubt as to whether a demurrer should be sustained should be resolved in favor of overruling the demurrer." ***Id.*** at 6-7 (citation omitted).

The trial court then examined Appellants' new matter and counterclaim and determined Appellants failed to plead facts to support their assertion that Citi, as successor to original mortgagee LoanCity.com ("LoanCity"), was responsible for LoanCity's liabilities. ***Id.*** at 7. Further, Appellants' complaint failed to plead facts to establish that OPFM was acting as LoanCity's agent or loan servicer. Therefore, Citi could not be held liable under an agency theory or under the Uniform Trade Practices and Consumer Protection Law, the Real Estate Settlement Procedures Act, or the Mortgage Satisfaction Act.[5]

Our review leads us to the same conclusion reached by the trial court for the reasons explained by the trial court in its May 22, 2013 Opinion and Order summarized above. Therefore, we find the trial court did not err in sustaining Citi's preliminary objections and we adopt and incorporate herein by reference the trial court's May 22, 2013 Opinion and Order.

_____

[5] 73 P.S. § 201–1 *et seq.*, 12 U.S.C.A. § 2601 *et seq.*, and 21 P.S. § 721-1 *et seq.*, respectively.

In the order accompanying the May 22, 2013 opinion, the trial court granted Appellants twenty days to file an amended new matter and counterclaim. Appellants did so on June 5, 2013. Citi again filed preliminary objections in the nature of a demurrer. The trial court reviewed Appellants' amended pleading and again concluded that Appellants failed to plead sufficient facts to meet their burden that Citi was successor by merger to LoanCity. Trial Court Opinion and Order, 1/7/14, at 5-6. Further, Appellants failed to plead sufficient facts to support a finding that LoanCity performed any action with regard to the fraudulent loan to support a claim that OPFM was LoanCity's agent. Again, our review of the pleadings supports the trial court's determination and we conclude the trial court did not err in sustaining the preliminary objections. Therefore, we adopt and incorporate herein by reference the trial court's January 7, 2014 Opinion and Order sustaining Citi's preliminary objections to Appellants' amended new matter and counterclaim.

In their second issue, Appellants contend they were entitled to a substantive review of their motion to certify the trial court's interlocutory January 7, 2014 order. However, the record confirms the motion was not timely filed. Again, the order sustaining Citi's preliminary objections to Appellants' amended new matter and counterclaim was entered on January 7, 2014. Pursuant to Pa.R.A.P. 1311(b), a motion seeking interlocutory review must be filed within 30 days of entry of the order. In this case,

Appellants had until February 6, 2014 to file their motion but did not do so until the following day, February 7, 2014.

Appellants assert they were entitled to an additional three days to file their motion under Pa.R.A.P. 121(e) because the January 7, 2014 order was served by mail. Rule 121(e) provides:

> Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party (**other than an order of a court** or other government unit) and the paper is served by United States mail or by commercial carrier, three days shall be added to the prescribed period.

*Id.* (emphasis added). Appellants ignore the specific language of Rule 121 that carves out an exception for service of court orders. Appellants' second issue fails.

In their third and final issue, Appellants challenge the trial court's grant of summary judgment, claiming they did not specifically admit facts alleged in Citi's complaint but instead denied them, creating a genuine issue as to material facts. As a challenge to the grant of summary judgment, we must "determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary." *Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1193 (Pa. Super. 2015). Further,

> [w]hen considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (internal citations and quotation marks omitted). "[F]ailure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Rodriguez*, 111 A.3d at 1193 (citation omitted). Finally, we will reverse the trial court only if we discern an error of law or abuse of discretion. *Summers*, 997 A.2d at 1159.

As Citi correctly recognized:

Mortgage foreclosure actions are governed by Rules 1141-1150 of the Pennsylvania Rules of Civil Procedure, which provide that a mortgagee is entitled to relief where: (1) there is an obligation secured by a mortgage; and (2) the obligation is in default. Thus, summary judgment is proper in a mortgage foreclosure action where there is no genuine issue of material fact regarding the existence of the mortgage and the defendant's default thereunder.

Citi's Brief at 21 (citing *Cunningham v. McWilliams*, 714 A.2d 1054, 1957 (Pa. Super. 1998); *Gateway Towers Condo. Ass'n v. Krohn*, 845 A.2d 855, 858 (Pa. Super. 2004)). Further, as the trial court noted:

A party cannot deny legitimately matters of public record. *Strank v. Mercy Hospital of Johnstown*, [102 A.2d 170, 171-72 (Pa. 1954)]. A party also may not deny matters of which he or she is deemed to have knowledge, and a party would know if he or she has made the mortgage payments and the amount owed. *First Wisconsin Trust Co. v. Strausser*, [653 A.2d 688, 692 (Pa. Super. 1995)].

Trial Court Opinion and Order, 11/30/15, at 3 (additional citation omitted).

- 8 -

The trial court considered Appellants' assertions regarding their answer to Citi's complaint. In particular:

> The complaint identifies the parties and alleges that [Appellants] are the mortgagors and owners of the real property subject to the mortgage. (Compl., ¶¶ 1-2). [Appellants] admit the identity of the parties but deny, as a conclusion of law, that they are the mortgagors and owners of the real property subject to the mortgage. (Ans., ¶¶ 1-2). This general denial of an averment of fact has the effect of an admission. Pa.R.C.P. 1029(b). [Appellants] may not deny matters of which they are deemed to have knowledge. Therefore, [Appellants] have admitted that they are the owners and mortgagors of the real property subject to the mortgage.
>
> The complaint also alleges that on April 9, 2003, [Appellants] executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for LoanCity.com, which is recorded with the Recorder of Deeds Office for Lancaster County. (Compl., ¶ 3). [Appellants] admit that they executed a mortgage on April 9, 2003, subject to the averments in their counterclaim, but deny the remainder of paragraph 3 of the complaint as conclusions of law and for lack of information.

*Id.* at 5 (citations omitted).

The trial court found unavailing Appellants' continued assertions that they were victims of a fraud. *Id.* at 6. Despite their claims of fraud, Appellants simply failed to plead any facts to demonstrate that the original mortgagee, LoanCity, consented to the scheme or was even aware of it. Further, they failed to plead any agency relationship between LoanCity and OPFM, the "purported agent" that perpetrated the fraud. *Id.* Consequently, the trial court concluded:

> [Appellants'] response to paragraph 3 must be taken as an admission. They cannot deny matters of public record for lack of information nor can these allegations be fairly considered to be

- 9 -

legal conclusions. Therefore, [Appellants] have admitted executing a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for LoanCity.com. The mortgage and note, dated April 9, 2003, and identifying [Appellants] and the premises were submitted by [Citi] in support of the motion for summary judgment. Also attached to the motion for summary judgment is a recorded copy of the assignment.

*Id.* at 6-7 (references to record omitted).

The trial court continued its analysis of Appellants' answer to Citi's complaint and determined that Appellants' denial of the property description as a "conclusion of law" had the effect of an admission, as did their denials as "conclusions of law" the allegation that payments were due and unpaid. Further, the trial court determined that Appellants could not deny amounts due on the mortgage for lack of knowledge in light of the fact they were parties to the mortgage. *Id.* at 7. Therefore, the denial of unpaid amounts was deemed admitted for lack of proper denial of the allegations. *Id.* at 8. "[Appellants], of all people, would know if the mortgage payments were made to [Citi] or its assignor. [Citi] has attached proof of non-payment and [Appellants] have failed to offer any evidence to the contrary that would create a genuine issue of material fact concerning payment history." *Id.*

The trial court also noted that Appellants' attempted reliance on "facts" asserted in their counterclaim was misplaced. Appellants' counterclaim failed to establish any liability on LoanCity as assignor of the mortgage or on Citi as assignee and, again, failed to establish any agency relationship

between the perpetrator of the scheme and LoanCity or Citi, as reflected in the trial court's ruling. *Id.*

Our review of the record leads us to conclude that there are no genuine issues of material fact regarding either the existence of the mortgage or Appellants' default thereunder. As stated above, summary judgment is proper in a mortgage foreclosure action when there is no genuine issue of material fact regarding the existence of the mortgage and the mortgagors' default thereunder. *See Cunningham* and *Gateway Towers, supra*. We find no error of law or abuse of discretion on the part of the trial court in granting summary judgment in favor of Citi and, therefore, we shall not disturb its November 30, 2015 order.[6] We hereby

---

[6] We note the Appellants' Rule 1925(b) statement included two additional subparts to their third issue, one raising an issue concerning the affidavit attached to Citi's summary judgment motion and another concerning "evidence" of the pay off of their mortgage, *i.e.*, a copy of their check. They have not repeated those subparts in the third question presented in their brief on appeal, although they discussed them in their brief. Because these issues are not fairly suggested by the third issue as stated, we have not considered them. Pa.R.A.P. 2116(a). However, even they could be deemed suggested by the issue as framed, Appellants would not be entitled to relief. As the trial court recognized, "All of the [] information stated in the affidavit was alleged in [Citi's] complaint" and the trial court "did not err in merely making reference to this affidavit in its November [30], 2015 opinion." Rule 1925(a) Opinion, 2/11/16, at 6. Further, as the trial court observed, while Appellants claimed to have paid their mortgage in full and to have evidence of their payment, they did not produce evidence to support their claim and did not pursue any discovery in an effort to obtain such evidence. *Id.* at 6-7.

adopt and incorporated by reference the trial court's November 30, 2015 Opinion and Order.

Finding no merit in any of Appellants' issues, we affirm the trial court's orders sustaining Citi's preliminary objections, the order denying Appellants' motion to certify the trial court's interlocutory order, and the November 30, 2015 order granting summary judgment in favor of Citi. In the event of further proceedings on the issue of the grant of preliminary objections, the parties shall attach copies of the trial court's May 22, 2013 and January 7, 2014 Opinions and Orders. In the event of further proceedings on the issue of the grant of summary judgment, the parties shall attach a copy of the trial court's November 30, 2015 Opinion and Order.

Order affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016

- 12 -

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION

CITIMORTGAGE, INC.,
                Plaintiff          :

    vs.                     :        No. CI-12-05203

STEVEN D. EBERLY and
KELLY L. EBERLY,
                Defendants   :

**OPINION AND ORDER**

By CULLEN, J.

Pending before the Court are the preliminary objections of Plaintiff, CitiMortgage, Inc. (Citi), to new matter and counterclaim filed by Defendants, Steven D. Eberly and Kelly L. Eberly. For the reasons set forth below, Citi's preliminary objections challenging the legal sufficiency of the Eberlys' new matter and counterclaim will be sustained, and the Eberlys will be granted twenty days to file an amended pleading.

Procedural and Factual History

Citi commenced this action by filing a complaint in mortgage foreclosure on April 16, 2012. Citi is the assignee of the Eberlys' mortgage. (Pl.'s Br. in Supp., Ex. E).[1] In its complaint, Citi alleges the Eberlys are the owners of the mortgaged property (Compl., ¶ 2), that they executed the mortgage to its predecessor, LoanCity.com (Loan City), on April 9, 2003, (id. at ¶ 3), and that the Eberlys had defaulted on their mortgage by failing to make

---

[1] Rule 1147 does not require documents filed of record to be attached to a complaint in mortgage foreclosure. Pa. R.C.P. 1147; See also U.S. Bank, N.A. v. Mallory, 982 A.2d 986, 992-93 (Pa. Super. 2009).

payments after September 1, 2007. (*Id.* at ¶ 5). Citi seeks a judgment *in rem* in the sum of $243,444.92. (*Id.* at ¶ 6).

The Eberlys answered the complaint on May 16, 2012. In their answer, the Eberlys included new matter and a counterclaim. The Eberlys admit that they executed a mortgage on the property in April, 2003. (Ans., ¶ 3). In new matter, they assert that Citi's claims are barred by the doctrine of accord and satisfaction. (*Id.* at ¶ 10).

In addition, the Eberlys assert a counterclaim alleging fraud and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law[2] and the Mortgage Satisfaction Act.[3] Specifically, the Eberlys allege that they were victims of a scheme in which they obtained a mortgage through OPFM, Inc. (OPFM) acting as agent for Loan City. (*Id.* at ¶¶ 12-13). The Eberlys were then solicited by OPFM to participate in an "equity slide down discount program" in which they would obtain a mortgage for a higher amount than required to refinance the Loan City loan and give the excess funds to OPFM to manage. (*Id.* at ¶¶ 14-15) . The Eberlys were to make mortgage payments to OPFM, which would pay the Eberlys' original mortgage lender, Loan City, and "assume" their original mortgage. (*Id.*). After making payments to OPFM, and receiving notice that OPFM "assumed" the Loan City mortgage, the Eberlys claim they satisfied the mortgage in 2005. (*Id.* at ¶¶ 16-21).

The Eberlys now contend that this arrangement was part of a scheme perpetrated by Wesley Snyder and that OPFM was one of Snyder's entities. While the exact operation

---

[2] 73 P.S. § 201-2.

[3] 21 P.S. § 721-6.

2

of this scheme is not extensively detailed in the record, the United States Court of Appeals

for the Third Circuit summarized it as follows:

> . . . Wesley Snyder ("Snyder"), a mortgage broker, spoke with the [victims] about refinancing the mortgage on their home through one of his companies (the "Snyder Entities"). Snyder offered the [victims] an integrated "Equity Slide Down Mortgage" product. In order to refinance with the "Equity Slide Down Mortgage" product, the [victims] signed two sets of documents at two different closings. The first set of documents consisted of a mortgage and note between the [victims] and [Lender], a traditional mortgage lender ["Mortgage"]. The [Mortgage] was legitimate and provided the requisite funds for the mortgage. There was no reference in the documents relating to the [Mortgage] to Snyder's product, the Equity Slide Down Mortgage.
>
> Six days after the [victims] completed the transaction with [Lender], Snyder presented the [victims] with the second set of documents which consisted of a purported "mortgage" and "note" between the [victims] and the Snyder Entities. This transaction purported to "convert" the terms of the [Mortgage] to a lower interest rate and lower monthly payments. The Snyder Entities offered the lower interest rate if the [victims] "pre-paid a large portion of the principal balance" to the Snyder Entities. [Lender], however, was not a party to this transaction and signed none of the documents.
>
> The [victims] made the large cash prepayment that Snyder requested. As a result, the interest rate and monthly payments on the "Equity Slide Down Mortgage" product were lower than those required under the [Mortgage]. The [victims'] obligations to [Lender], however, remained unchanged . . . . However, the documents the [victims] signed with the Synder Entities did make changes . . . [T]he Snyder Entities "dictate[d] that all monthly payments were to be remitted to them," and, at the Snyder Entities' request, the [victims] signed a change-of-address form instructing [Lender] to direct all future correspondence to the Snyder Entities. This effectively forestalled communication between the [victims] and [Lender].
>
> Meanwhile, the Snyder Entities remitted to [Lender] the full monthly payments due on the [victims' Mortgage]. According to the [victims'] counsel, the Snyder Entities did so by using the funds accumulated by the large prepayments to make up for the shortfall in what the [victims] were paying monthly under the "Equity Slide Down Mortgage" product . . . .
>
> Unbeknown to the [victims], the "Equity Slide Down Mortgage" product was "bogus;" the Snyder Entities created the product as a deception. The only mortgage loans were with [Lender]. In 2007, the scheme collapsed and the

3

Snyder Entities declared bankruptcy, at which time the [victims] learned that [Lenders] held their mortgages. Once the Snyder Entities stopped making payments on the [victims'] mortgages to [Lender], those banks demanded from the [victims] the monthly payments due on their mortgages. As noted above, the Snyder Entities had been making those payments by using, in part, the large prepayments of principal from the . . . victims that Snyder had "pocket[ed]." Snyder was indicted and ultimately pled guilty to mail fraud in connection with the scheme, which affected hundreds of mortgage loans. He was sentenced to 146 months in prison.

*Jones v. ABN Amro Mortgage Group, Inc.*, 606 F.3d 119, 121-22 (3d Cir. 2010) (citations omitted).

Count I of the Eberlys' counterclaim alleges fraud. The Eberlys claim that Citi, as the successor by merger of Loan City, committed fraud in the inducement through its agent and broker OPFM by making false representations in order to induce the Eberlys to sign the mortgage to Loan City. (Ans., ¶¶ 23, 26, 28-31). The Eberlys seek to have their note and mortgage declared void *ab initio* or judgment entered against Citi in the amount of the unpaid balance of the mortgage.

Count II of the counterclaim alleges Citi violated the Pennsylvania Unfair Trade Practice and Consumer Protection Law (UTPCPL) because fraud is a *per se* violation of the UTPCPL. (*Id.* at ¶ 34).

The Eberlys also claim that Citi violated the Mortgage Satisfaction Act (MSA).[4] (*Id.* at ¶¶ 36-40). The Eberlys state they satisfied the Loan City mortgage on April 5, 2005, by making a payment to OPFM, the servicer of the mortgage. (*Id.* at ¶¶ 37-38). The Eberlys request the Court enter an order to be recorded in the Office of the Recorder of Deeds that

---

[4] 21 P.S. §§ 721-1 to 721-12.

4

their mortgage is satisfied, and enter judgment against Citi in the amount of the Eberlys' attorney's fees.

Citi filed preliminary objections[5] to the Eberlys' new matter and counterclaim on June 18, 2012.[6] Citi seeks dismissal of the Eberlys' new matter and counterclaim because the Eberlys did not plead sufficient facts to establish OPFM was acting as Loan City's agent or as the loan servicer[7] and, therefore, Citi cannot be held liable under an agency theory or under UTPCPL or the Real Estate Settlement Procedures Act (RESPA).[8] (Prelim. Obj., ¶¶ 31, 41, 44-46, 59-61, 81-82). Citi further claims that the Eberlys' fraud, UTPCPL, RESPA, and MSA claims fail as a matter of law. (*Id.* at ¶¶ 70-71, 76, 86-88).

The Eberlys responded on July 13, 2012. Both parties filed briefs in support of their respective positions, and the Court heard oral argument. The issues presented are now ready for disposition.

---

[5] Preliminary objections may be filed in response to any pleading. Pa. R.C.P. 1028(a); *Ambrose v. Cross Creek Condominiums*, 412 Pa. Super. 1, 7, 602 A.2d 864, 866-67 (1992).

[6] On June 29, 2012, the Eberlys filed a praecipe to deem "Defendant's" preliminary objections withdrawn for failure to file a brief in support within ten days as required by the local rules. The Court assumes the Eberlys meant Citi's preliminary objections. The Eberlys' request is moot, as Citi filed its memorandum in support of its preliminary objections on June 28, 2012.

[7] 12 U.S.C. § 2605(i)(2)-(3) (stating that a "servicer" is "the person responsible for servicing the loan." "Servicing" is defined as "[r]eceiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.").

[8] 12 U.S.C. § 2601 *et seq.*

5

## Discussion

"Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . insufficient specificity in a pleading; legal insufficiency of a pleading (demurrer) . . . ." Pa. R.C.P. 1028(a)(3)-(4).

Pennsylvania is a fact pleading state in which the complaint must provide the defendant notice of the basis of the claim and a summary of the facts essential to support the claim. *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa. Super. 293, 298, 464 A.2d 1349,1352 (1983)). The complaint must be "sufficiently clear to enable the defendant to prepare his defense or . . . [inform] the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

When ruling on preliminary objections in the form of a demurrer, the court must generally accept as true all well and clearly pleaded facts, together with such reasonable inferences as may be drawn from those facts, but not the pleader's conclusions or averments of law. *Santiago v. Pennsylvania Nat'l Mut. Ins. Co.*, 418 Pa. Super. 178, 184-85, 613 A.2d 1235, 1238-39 (1992) (citations omitted). Preliminary objections calling for dismissal of a cause of action should be sustained only in cases that are clear and free from doubt. *Haun v. Community Health Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011) (quoting *Hykes v. Hughes*, 835 A.2d 382, 383 (Pa. Super. 2003)). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery

6

is possible. *Id.* Any doubt as to whether a demurrer should be sustained should be resolved in favor of overruling the demurrer. *Id.*

The Eberlys argue that Citi, as successor by merger to Loan City, is responsible for all of Loan City's liabilities. (Ans., ¶ 30). The Eberlys do not plead any facts in support of this contention. Citi maintains it is the holder of the Eberlys' mortgage by virtue of an assignment from Loan City. (Compl., ¶ 3).[9] An assignee of a mortgage takes it subject to the defenses and setoffs in favor of the mortgagor. *McCune v. Gross*, 377 Pa. 360, 364, 105 A.2d 367, 369 (1954). The Eberlys' contention is that Loan City, by paying a broker's fee to OPFM, held OPFM out as its agent. (Ans., ¶¶ 13, 27).

The Pennsylvania Supreme Court has held "[t]he burden of establishing an agency relationship rests with the party asserting the relationship." *Basile v. H & R Block*, 563 Pa. 359, 367-68, 761 A.2d 1115, 1120 (2000) (internal citations omitted). The Supreme Court stressed that not all acts on behalf of another give rise to an agency relationship:

> The special relationship arising from an agency agreement, with its concomitant heightened duty, cannot arise from any and all actions, no matter how trivial, arguably undertaken on another's behalf. Rather, the action must be a matter of consequence or trust, such as the ability to actually *bind* the principal or alter the principal's legal relations. Indeed, implicit in the long-standing Pennsylvania requirement that the principal manifest an intention that the agent act on the principal's behalf is the notion that the agent has authority to alter the principal's relationships with third parties, such as binding the principal to a contract.

*Id.* at 370, 761 A.2d at 1121.

---

[9]A copy of the mortgage assignment is attached as Exhibit E to Citi's memorandum in support of its preliminary objections.

Thus, the Eberlys bear the burden of establishing that OPFM was the agent of Loan City.

Agency can be actual or apparent. The law regarding actual agency is well settled. Actual agency exists when a principal and an agent enter into an agency relationship. "That relationship exists with the (1) manifestation of the principal that the agent shall act for [the principal]; (2) the acceptance of the undertaking by the agent; and (3) the control of the endeavor in the hands of the principal." *Tribune-Review Pub. Co. v. Westmoreland Cty. Hous. Auth.*, 574 Pa. 661, 674, 833 A.2d 112, 119-20 (2003). "Control of the endeavor" means the principal "has day-to-day control over the manner of the alleged [agent's] performance." *Myszkowski v. Penn Stroud Hotel, Inc.*, 430 Pa. Super. 315, 323, 634 A.2d 622, 626 (1993).

At minimum, a complaint must allege facts which "set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal." *Alumni Assoc. Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*, 369 Pa. Super. 596, 605, n.2, 535 A.2d 1095, 1100, n.2 (1987).

"Apparent authority exists where a principal, by words or conduct, leads people with whom the alleged agent deals to believe that the principal has granted the agent authority he or she purports to exercise." *Turner Hydraulics, Inc. v. Susquehanna Const. Corp.*, 414 Pa. Super. 130, 135, 606 A.2d 532, 534 (1992). In determining apparent authority of an agent, the court must look to the actions of the principal, not the agent. *Bolus v. United Penn Bank*, 363 Pa. Super. 247, 261, 525 A.2d 1215, 1222 (1987). An agent cannot, by

8

its conduct, invest itself with apparent authority; such authority must be determined by the actions of the principal. *Volunteer Fire Co. v. Hilltop Oil Co.*, 412 Pa. Super. 140, 149, 602 A.2d 1348, 1353 (1992) (quoting *Jennings v. Pittsburgh Mercantile Corp.*, 414 Pa. 641, 645, 202 A.2d 51, 54 (1964)) (citation omitted).

While the Eberlys assert OPFM made representations to them on behalf of Loan City, the Eberlys cite no documents or other facts to support the contention that Loan City knew of these representations or gave OPFM the authority to make them. The Eberlys also never allege Loan City endorsed OPFM or any of the Snyder entities. Therefore, the Eberlys have failed to plead sufficient facts to establish that OPFM was Loan City's actual agent.

The Eberlys also have not alleged sufficient facts to properly plead that Loan City engaged in any conduct which would lead someone to believe it had manifested an intent that OPFM act as its agent, that OPFM was acting with apparent authority as Loan City's agent or that it granted OPFM authority to collect payments. The Eberlys alleged OPFM "acted as the mortgage broker," because Loan City paid OPFM a broker's fee of $4,932.10, and was, therefore, the agent of Loan City. (Ans., ¶¶ 13, 27). The settlement statement for the original mortgage, attached as Exhibit D to the Eberlys' answer, indicates that $4,932.10 was paid by Loan City to OPFM as a "[b]roker fee from [l]ender."[10]

A mortgage broker has a fiduciary duty to the borrowers and is the borrower's agent, not the lender's. *Commonwealth ex rel. Corbett v. Snyder*, 977 A.2d 28, 39 (Pa. Commw.

---

[10]This document discloses that the broker fee was paid to Personal Financial Management. Other documents indicate that Personal Financial Management was a fictitious name for OPFM. (Ans., Ex. A).

9

2009); *McGlawn v. Pennsylvania Human Rights Commission*, 891 A.2d 757, 769 (Pa. Commw. 2006). Exhibit D indicates OPFM was the mortgage broker, not the original lender and, therefore, OPFM would be the Eberlys' agent, not Loan City's.[11]

The original mortgage to Loan City was executed on April 9, 2003, and on April 14, the Eberlys acquired a second mortgage from OPFM. (Ans., Ex. C) (indicating that OPFM assumed the original $245,500 mortgage in exchange for an $83,500 payment from the Eberlys). Loan City is not mentioned on any of the documents for this second mortgage, and there is no evidence that Loan City knew of or endorsed the second transaction. Since the Eberlys have not pled sufficient facts to establish an agency relationship between Loan City and OPFM, they cannot hold Citi, Loan City's assignee, liable for OPFM's actions.

The Eberlys next claim that OPFM was acting as the loan servicer for their original mortgage, and once they paid off the mortgage through OPFM, the mortgage should be satisfied under the MSA. (*Id.*, ¶ 10). However, the Eberlys' claim that OPFM acted as servicer of the original mortgage is predicated on the terms of the equity slide down discount program, not on the terms of the note and the mortgage given to Loan City. Under RESPA, which governs the original mortgage, OPFM could not be the servicer of the loan because the terms of the loan required the Eberlys to pay Loan City, not OPFM.

---

[11]Several courts have considered this exact issue and determined OPFM cannot be considered the lender's agent and the original lender cannot be held liable for OPFM's misdeeds in cases which are factually similar to the matter before the Court and involve the same fraudulent scheme. *See Jones v. ABN Amro Mortgage Group, Inc.*, 606 F.3d 119 (3d Cir. 2010), *Lorah v. SunTrust Mortgage, Inc.*, No. 08-0703, 2010 WL 5342738 (E.D. Pa. Dec. 17, 2010), *In re Image Masters Inc.*, 421 B.R. 164 (E.D. Pa. Bankr. 2009), *Wells Fargo Bank, N.A. v. Maurer*, No. 08-12955 (Pa. Com. Pl. Berks 2012).

10

(Pl's. Br. in Supp., Ex. C; 12 U.S.C. § 2605(i)(3)). Loan City was not a party to the equity slide down discount program between the Eberlys and OPFM, and this unrelated agreement cannot be used to determine the servicer of the original loan.

The Eberlys have not alleged sufficient facts to meet their burden that OPFM acted as Loan City's actual agent or apparent agent. Therefore, Citi, as Loan City's asignee, cannot be held liable for OPFM's actions under a theory of agency. Further, because the original mortgage is subject to RESPA, and OPFM was not authorized to receive payments on behalf of Loan City from the Eberlys pursuant to the mortgage and note, OPFM cannot be the loan servicer as defined by federal law.

The Eberlys also claim Citi violated the UTPCPL because fraud is a *per se* violation of the law. (Ans., ¶ 34; 73 P.S. § 201-2). In response, Citi claims the Eberlys did not allege it engaged in any wrongdoing and that UTPCPL claims cannot be brought against an assignee. (Prelim. Obj., ¶¶ 81-82).

"To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the *defendant's* wrongful conduct or representation and that he suffered harm as a result of that reliance." *Grimes v. Enterprise Leasing Co. of Philadelphia, LLC*, No. 1289 EDA 2012, 2013 WL 1115769, at *4, 2013 PA Super 57 (Mar. 19, 2013) (emphasis added) (citing *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 501, 854 A.2d 425, 438 (2004)). In order to bring a claim of fraud under the UTPCPL, the Eberlys must allege facts to support a reasonable inference that Citi is liable for common law fraud. *Weinberg v. Sun Co.*, 565 Pa. 612, 618, 777 A.2d 442, 446 (2001). One of the elements of common law fraud is a material misrepresentation made with the intent of misleading

11

another to rely on it. *Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534, 540 (Pa. Super. 2003).

Federal courts, in applying Pennsylvania law, have consistently held that the assignee of a loan cannot be held liable under the UTPCPL and at common law for misrepresentations and fraudulent conduct which occurred before the assignment since the assignee had not engaged in any wrongdoing. *Stoudt v. ALTA Financial Mortgage*, No. 08-cv-2643, 2009 WL 661924, at *2 (E.D. Pa. Mar. 10, 2009); *Roche v. Sparkle City Realty*, No. 08-2518, 2009 WL 1674417, at *4 (E.D. Pa. June 12, 2009); *Murphy v. F.D.I.C.*, 408 F. App'x 609, 611 (3d Cir. 2010).

There are insufficient factual averments to establish OPFM was the agent of Loan City or its assignee Citi with respect to the equity slide down discount program. Thus, the Eberlys' only claim with respect to the second transaction, which is separate from the original loan, is against OPFM, or another one of the Snyder entities, which arguably made the misleading statements. Since the record is insufficient to establish OPFM was the agent of Loan City, it cannot be the agent of Citi, and thus there is no merit to the claim that Citi is liable under the common law or the UTCPCL. Therefore, Citi's preliminary objection challenging the legal sufficiency of the Eberlys' fraud and UTCPCL claims will be sustained.

Because the Court's ruling on the issues discussed above is dispositive, the Court need not address Citi's remaining preliminary objections.

Accordingly, the Court enters the following:

12

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION

CITIMORTGAGE, INC.,
             Plaintiff      :

             :

    vs.        :      No. CI-12-05203

             :

STEVEN D. EBERLY and     :

KELLY L. EBERLY,      :

             Defendants   :

## O R D E R

AND NOW, this 15th day of May, 2013, having considered the preliminary

objections of Plaintiff, CitiMortgage, Inc., to Defendants' new matter and counterclaim, and

the arguments of the parties, it is ordered that Plaintiff's preliminary objections are

sustained. Defendants are granted twenty days from the date of this order to file an

amended new matter and counterclaim if they are able do so.

BY THE COURT:

JAMES P. CULLEN, JUDGE

Attest: C. Gerhart

Copies to:
    Martin C. Bryce, Esquire – 1
    Matthew D. Menges, Esquire – 1
           Mailed
    remailed a/ corr #
      6-12-13

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R C P NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 5-22-13

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION

CITIMORTGAGE, INC.,
             Plaintiff      :

             :

       vs.           :    No. CI-12-05202

             :

STEVEN D. EBERLY and    :

KELLY L. EBERLY,        :

           Defendants  :

**OPINION AND ORDER**

By CULLEN, J.

Pending before the Court are the preliminary objections of Plaintiff, CitiMortgage,

Inc. (Citi), to the amended new matter and counterclaim filed by Defendants, Steven D.

Eberly and Kelly L. Eberly. For the reasons set forth below, Citi's preliminary objections

challenging the legal sufficiency of the Eberlys' amended new matter and counterclaim will

be sustained, and the Eberlys will be granted twenty days to file an amended pleading.

Procedural and Factual History

The factual background is discussed in the Court's May 15, 2013 opinion. Briefly,

Citi commenced this action by filing a complaint in mortgage foreclosure on April 16, 2012.

Citi is the assignee of the Eberlys' mortgage. (Compl., ¶ 3; Am. Counterclaim, ¶ 2).[1] The

Eberlys answered the complaint on May 16, 2012. In their answer, the Eberlys included

---

[1] Rule 1147 does not require documents filed of record to be attached to a complaint in mortgage foreclosure. Pa. R.C.P. 1147; *See also U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 992-93 (Pa. Super. 2009). The complaint alleges the original mortgagee was Mortgage Electronic Registration Systems, Incorporated as a nominee for LoanCity.com, a California corporation. (Compl. ¶ 3).

new matter[2] and counterclaims alleging fraud, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law[3] and the Mortgage Satisfaction Act.[4] The Court sustained Citi's preliminary objections challenging the legal sufficiency of the Eberlys' new matter and counterclaims on May 15, 2013, and the Eberlys filed an amended new matter and counterclaim on June 5, 2013.

The Eberlys contend that they were victims of a scheme perpetrated by Wesley Snyder through various entities Mr. Snyder controlled. The details of this scheme are outlined at pages 2 through 4 of this Court's opinion of May 15, 2013. In the amended counterclaim, the Eberlys allege they obtained a mortgage from LoanCity.com, a California corporation (LoanCity) through OPFM, Inc., trading as Personal Financial Management (OPFM)[5] acting as an agent for LoanCity. (Am. Counterclaim, ¶ 5). The Eberlys were also solicited by OPFM to participate in an "equity slide down discount program" in which they would obtain a mortgage for a higher amount than required to refinance their existing loan and give the excess funds to OPFM to manage. (Id. at ¶¶ 6-7). The Eberlys were to make mortgage payments to OPFM, which would pay the Eberlys' principal mortgage lender, LoanCity, and "assume" that mortgage. (Id. at ¶ 7).[6] After making payments to OPFM, and

---

[2]The Eberlys asserted that Citi's claims are barred by accord and satisfaction. (Ans., ¶ 10).

[3]73 P.S. § 201-2.

[4]21 P.S. § 721-6.

[5]OPFM, Inc. traded as Personal Financial Management, also known as Image Masters, Inc. (Am. Counterclaim, ¶ 5). All three names appear in the pleadings and the exhibits. Although Defendants refer to this entity by its trade name, the Court will use the corporate name in this opinion.

[6]This mortgage is the mortgage between LoanCity and the Eberlys which Citi has asserted was assigned to it.

2

receiving notice that OPFM "assumed" the LoanCity mortgage, the Eberlys claim they paid the mortgage in full in April, 2005, to OPFM. (*Id.* at ¶¶ 8-13).

Count I of the Eberlys' amended counterclaim alleges fraud. The Eberlys claim that OPFM committed fraud by inducing them to enter into this transaction by making false and material representations after holding itself out to be the duly authorized agent of LoanCity, that LoanCity acted in a manner which would lead a reasonable person to believe that it had granted OPFM authority to act on its behalf and that LoanCity should have been aware of OPFM's improper conduct. (*Id.* at ¶¶ 16-22). The Eberlys contend that Citi, as successor by merger to LoanCity, is responsible for LoanCity's actions. (*Id.* at ¶ 4). Therefore, they seek to have their note and mortgage declared void *ab initio* or judgment entered against Citi in the amount of the unpaid balance of the mortgage.

Count II of the amended counterclaim alleges that Citi, as successor by merger to LoanCity, violated the Pennsylvania Unfair Trade Practice and Consumer Protection Law (UTPCPL) because fraud is a *per se* violation of the UTPCPL. (*Id.* at ¶ 26).

The Eberlys also claim that Citi violated the Mortgage Satisfaction Act (MSA). (*Id.* at ¶¶ 29-32). The Eberlys state they satisfied the LoanCity mortgage on April 5, 2005, by making a payment to OPFM, the servicer of the mortgage. (*Id.* at ¶ 30). The Eberlys request the Court enter an order to be recorded in the Office of the Recorder of Deeds that their mortgage is satisfied and enter judgment against Citi in the amount of the Eberlys' attorney's fees.

Citi filed preliminary objections to the Eberly's amended new matter and counterclaim on June 24, 2013. Citi seeks dismissal of the Eberlys' amended new matter

3

and counterclaim because the Eberlys did not plead sufficient facts to establish OPFM was acting as LoanCity's agent or as the loan servicer[7] and, therefore, Citi cannot be held liable under an agency theory or under UTPCPL or the Real Estate Settlement Procedures Act (RESPA), which defines the term "loan servicer."[8] (Prelim. Obj., ¶¶ 30, 33, 43-47, 62-69). Citi further claims that the Eberlys' fraud, UTPCPL and MSA claims fail as a matter of law. (*Id.* at ¶¶ 74-75, 78, 96).

The Eberlys responded on July 15, 2013. Both parties filed briefs in support of their respective positions, and the Court heard oral argument. The issues presented are now ready for disposition.

## Discussion

"Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer) . . . ." Pa. R.C.P. 1028(a)(4).

When ruling on preliminary objections in the form of a demurrer, the court must generally accept as true all well and clearly pleaded facts, together with such reasonable inferences as may be drawn from those facts, but not the pleader's conclusions or averments of law. *Santiago v. Pennsylvania Nat'l Mut. Ins. Co.*, 418 Pa. Super. 178, 184-85, 613 A.2d 1235, 1238-39 (1992) (citations omitted). Preliminary objections calling for

---

[7] 12 U.S.C. § 2605(i)(2)-(3) (stating that a "servicer" is "the person responsible for servicing the loan." "Servicing" is defined as "[r]eceiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.").

[8] 12 U.S.C. § 2601 *et seq.*

4

dismissal of a cause of action should be sustained only in cases that are clear and free from doubt. *Haun v. Community Health Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011) (quoting *Hykes v. Hughes*, 835 A.2d 382, 383 (Pa. Super. 2003)). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* Any doubt as to whether a demurrer should be sustained should be resolved in favor of overruling the demurrer. *Id.*

The Eberlys assert that Citi, as successor by merger to LoanCity, is responsible for all of LoanCity's liabilities. (Am. Counterclaim, ¶¶ 3-4). The only averment the Eberlys make in support of this contention is that "[the Eberlys] believe, based upon [Citi's] representations, and therefore aver, that [Citi] is successor by merger to LoanCity.com." (*Id.*, ¶ 3).

Pennsylvania is a fact pleading state in which the complaint must provide the defendant notice of the basis of the claim and a summary of the facts essential to support the claim. *Zitney v. Appalachian Timber Products, Inc.*, 72 A.3d 281, 290-91 (Pa. Super. 2013) (citations omitted). The only assertion the Eberlys make to link Citi to LoanCity's conduct is that Citi made certain representations to them allowing them to conclude that Citi was LoanCity's successor by merger. However, the Eberlys fail to plead what these representations were, when they were made, under what circumstances and by whom they were made sufficient to allow Citi to prepare a defense or to allow the Court to conclude that there is a sufficient legal basis to support a cause of action against Citi as successor by merger to LoanCity.

5

The Eberlys have not alleged sufficient facts to meet their burden that Citi is successor by merger to LoanCity so that the Court can determine the legal sufficiency of their claim. Even if the Eberlys pled sufficient facts to allow one to conclude that Citi is successor by merger to LoanCity, they have not alleged sufficient facts to show that LoanCity performed any action with respect to the fraudulent loan sufficient to sustain a claim that OPFM was LoanCity's agent.

Because the Court's ruling on the issue discussed above is dispositive, it need not address Citi's remaining preliminary objections. The remainder of the Eberlys' amended counterclaim is identical to the original counterclaim, and Citi's preliminary objections are based on the same grounds. The Court already addressed these issues in its opinion of May 15, 2013. There are insufficient factual averments to establish OPFM was the agent of LoanCity or Citi with respect to the equity slide down discount program. Thus, the Eberlys' only claim with respect to the second transaction, which is separate from the original loan, is against OPFM, or another one of the Snyder entities, which arguably made the misleading statements. Since the record is insufficient to establish OPFM was the agent of LoanCity, it cannot be the agent of Citi, and thus there is no merit to the claim that Citi is liable under the common law or the UTCPCL. Therefore, Citi's preliminary objection challenging the legal sufficiency of the Eberlys' fraud and UTCPCL claims will be sustained.

Accordingly, the Court enters the following:

6

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION

CITIMORTGAGE, INC.,
               Plaintiff

        vs.

STEVEN D. EBERLY and
KELLY L. EBERLY,
               Defendants

:       No. CI-12-05203

ENTERED AND FILED
2013 DEC 31 PM 2:31
PROTHONOTARY'S OFFICE
LANCASTER, PA.

## O R D E R

AND NOW, this 31st day of December, 2013, having considered the preliminary objections of Plaintiff, CitiMortgage, Inc., to Defendants' amended new matter and counterclaim, and the arguments of the parties, it is ordered that Plaintiff's preliminary objections are sustained. Defendants are granted twenty days from the date of this order to file an amended new matter and counterclaim, if they are able do so.

BY THE COURT:

JAMES P. CULLEN, JUDGE

Attest:

Copies to:
    Martin C. Bryce, Esquire
    Matthew D. Menges, Esquire

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION

CITIMORTGAGE, INC.,
                Plaintiff    :

                                :

                vs.              :        No. CI-12-05202

                                :

STEVEN D. EBERLY and
KELLY L. EBERLY,           :

              Defendants  :

**OPINION AND ORDER**

By CULLEN, J.

Pending before the Court is Plaintiff's motion for summary judgment. For the reasons set forth below, Plaintiff's motion will be granted.

Procedural and Factual Background

On April 16, 2012, Plaintiff, Citimortgage, Inc., initiated this action by filing a complaint in mortgage foreclosure. On May 16, 2012, Defendants filed an answer with new matter and counterclaim. On June 18, 2012, Plaintiff filed various preliminary objections to the new matter and counterclaim. On May 15, 2013, the Court sustained Plaintiff's preliminary objection to the factual insufficiency of Defendants' allegations that Plaintiff, as the assignee of Defendants' mortgage, is liable for the misconduct of an alleged agent of the mortgage assignor. (Trial court opinion, May 15, 2013).

On June 5, 2013, Defendants filed an amended new matter and counterclaim. On or about June 24, 2013, Plaintiff filed preliminary objections again challenging the lack of factual sufficiency with respect to Defendants' new matter and counterclaim. On

December 31, 2013, the Court sustained the preliminary objection to the legal insufficiency of the amended new matter and counterclaim.[1]

On February 7, 2014, Defendants filed a motion to certify interlocutory order for appeal with respect to the Court's December 31, 2013, order. On February 12, 2014, the Court denied the motion as untimely. On January 28, 2015, the Court issued a rule on Defendants to show cause why their demand for a jury trial should not be stricken. On March 30, 2015, the Court ordered that Defendants' demand for a jury trial be stricken with prejudice.

On June 3, 2015, Plaintiff filed its motion for summary judgment with supporting documents and a brief. On July 7, 2015, Defendants responded. The motion was subsequently assigned to the Court for decision.

## Discussion

When determining whether to grant summary judgment, a court must view the record in the light most favorable to the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Daley v. A.W. Chesterton, Inc.*, 614 Pa. 335, 341, 37 A.3d 1175, 1179 (2012) (citation omitted). Summary judgment is proper where the evidentiary record reveals the material facts are undisputed, or the record contains insufficient evidence to establish a *prima facie* cause of action or defense and, therefore, there is no issue to submit to the jury. *McCarthy v.*

---

[1]The Court dismissed Defendants' new matter and counterclaim based on this preliminary objection. (Trial court opinion, December 31, 2013, p. 6). Therefore, the Court did not address Plaintiff's additional preliminary objections.

2

*Dan Lepore & Sons Co.*, 724 A.2d 938, 940 (Pa. Super. 1998); Pa. R.C.P. 1035.2 (1). A material fact "is one that directly affects the outcome of the case." *Gerrow v. Shincor Silicones, Inc.*, 756 A.2d 697, 700 (Pa. Super. 2000). Oral testimony alone of the moving party's witnesses, whether through depositions or affidavits, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. *Bailets v. Pennsylvania Turnpike Com'n*, 123 A.3d 300, 304 (Pa. 2015).

If a non-moving party fails to put forth evidence sufficient to establish or contest an issue in the case, then the moving party is entitled to judgment as a matter of law. *McCarthy*, 724 A.2d at 940 (citing *Ertel v. Patriot-News Co.*, 544 Pa. 93, 100-102, 674 A.2d 1038, 1042 (1996), *cert. denied*, 519 U.S. 1008 (1996)). The non-moving party may not simply rest on the allegations of that party's pleading, but must present sufficient evidence to demonstrate the existence of an issue of fact to be decided at trial. Pa. R.C.P. 1035.3(a); *Rapagnani v. Judas Co.*, 736 A.2d 666, 668 (Pa. Super. 1999); *Henninger vs. State Farm Ins. Co.*, 719 A.2d 1074, 1076 (Pa. Super. 1998). Such evidence includes affidavits and deposition testimony, but not the assertions in the parties' briefs. Pa. R.C.P. 1035.3(c); *Scopel v. Donegal Mutual Insurance Co.*, 698 A.2d 602, 606 (Pa. Super. 1997).

A party cannot deny legitimately matters of public record. *Strank v. Mercy Hospital of Johnstown*, 376 Pa. 305, 308, 102 A.2d 170, 171-172 (1954). A party also may not deny matters of which he or she is deemed to have knowledge, and a party would know if he or she has made the mortgage payments and the amount owed. *First Wisconsin Trust Co. v. Strausser*, 439 Pa. Super. 192, 199, 653 A.2d 688, 692 (1995); *Cercone v. Cercone*, 254 Pa. Super. 381, 389, 386 A.2d 1, 4 (1978).

3

Summary judgment is appropriate when the mortgagor admits that he is the mortgagor and that the mortgage is in default, even if he disputes the amount due. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998). Once the mortgage is in default, the mortgagee is not required to accept partial payment. *See, Bell Federal Savings & Loan Ass'n v. Laura Lanes, Inc.*, 291 Pa. Super, 395, 400, 435 A.2d 1285, 1287 (1981).

An action in mortgage foreclosure is strictly an *in rem* proceeding and its purpose is to effect a judicial sale of the property. *Newton Village Partnership v. Kimmel*, 424 Pa. Super. 53, 55, 621 A.2d 1036, 1037 (1993); *New York Guardian Mortgage Corp.*, 362 Pa. Super. 426, 431, 524 A.2d 951, 953 (1987).

Defendants first argue that Plaintiff's motion for summary judgment should be treated as a motion for judgment on the pleadings as no discovery was undertaken by either party. Defendants do not cite any legal authority that requires the Court to consider Plaintiff's motion as a motion for judgment on the pleadings because the parties chose not to conduct discovery.

Based on the record before the Court, Plaintiff's motion is property treated as a motion for summary judgment. The motion was filed approximately one and one half years after the pleadings closed and Plaintiff has attached, *inter alia*, a copy of the note, an affidavit of its representative, correspondence to Defendants and Defendants' payment history. These documents are not a required element of a complaint in mortgage foreclosure, but may be necessary for a motion for summary judgment. While summary judgment may not be entered exclusively on the basis of oral testimony of the moving

4

party's witnesses, Plaintiff's motion is also supported by Defendants' answer to the complaint and copies of the note, mortgage, mortgage assignment, payment history and correspondence to Defendants. *Bailets, supra.* Therefore, the Court will treat the motion as a motion for summary judgment.

A review of the record reveals that there are no disputed issues of material fact, and Plaintiff is entitled to judgment as a matter of law.

The complaint identifies the parties and alleges that Defendants are the mortgagors and owners of the real property subject to the mortgage. (Compl., ¶¶ 1-2). Defendants admit the identity of the parties but deny, as a conclusion of law, that they are the mortgagors and owners of the real property subject to the mortgage. (Ans., ¶¶ 1-2). This general denial of an averment of fact has the effect of an admission. Pa. R.C.P. 1029(b). Defendants may not deny matters of which they are deemed to have knowledge. *City of Philadelphia v. Hertler*, 114 Pa. Cmwlth. 475, 483, 539 A.2d 468, 472 (1989); *Cercone v. Cercone*, 254 Pa. Super 381, 389, 386 A.2d 1, 4-5 (1978). Therefore, Defendants have admitted that they are the owners and mortgagors of the real property subject to the mortgage.

The complaint also alleges that on April 9, 2003, Defendants executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for LoanCity.com, which is recorded with the Recorder of Deeds Office for Lancaster County. (Compl., ¶ 3). Defendants admit that they executed a mortgage on April 9, 2003, subject to the averments in their counterclaim, but deny the remainder of paragraph 3 of the complaint as conclusions of law and for lack of information.

5

Throughout this litigation, Defendants have attempted to counter Plaintiff's mortgage foreclosure complaint by asserting that they were, in effect, the victims of a fraudulent scheme perpetrated by one Wesley Snyder and various entities under his control. The general nature of this scheme is described in this Court's opinion of May 15, 2013, pp. 2-4. Basically, after executing the original mortage to Mortgage Electronic Registration Systems, Inc. as nominee for LoanCity.com., Defendants were solicited by one of the Snyder entities to participate in an "equity slide down discount program." After Defendants made a payment to it, the Snyder entity purported to "assume" the LoanCity.com mortgage and make the mortgage payments on their behalf. Defendants failed to plead facts to show that LoanCity.com consented to this arrangement or was even aware of it. The entire scheme collapsed in 2007, and it was at this time Defendants realized the original mortgage had not been paid in full in 2005 as they were wrongfully lead to believe.

This is the fraudulent conduct alleged in Defendants' counterclaim. Despite two attempts, however, Defendants were unable to plead sufficient facts to establish any principal-agent relationship between LoanCity.com and its purported "agent." Defendants abandoned this position after the denial of the untimely attempt to file an interlocutory appeal, and they filed no further amended answer, new matter or counterclaim.

Defendants' response to paragraph 3 must be taken as an admission. They cannot deny matters of public record for lack of information nor can these allegations be fairly considered to be legal conclusions. Therefore, Defendants have admitted executing a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for LoanCity.com. The mortgage and note, dated April 9, 2003, and identifying Defendants

6

and the premises were submitted by Plaintiff in support of the motion for summary judgment. (Pl. brief for S.J., Exs. A, A1). Also attached to the motion for summary judgment is a recorded copy of the assignment. (Compl.,¶ 3; Motion for S.J. ¶ 4; Pl. brief for S.J., Ex. A2).

The complaint identifies the premises as 902 Stonebridge Drive, Lancaster, PA 17601-1473. (Compl., ¶ 4). Defendants deny the description of the mortgaged property as a conclusion of law. Defendants cannot deny the description of the property they assert they own, and such a response has the effect of an admission. Pa. R.C.P. 1029(b); *City of Philadelphia, supra.*

Plaintiff alleges that mortgage payments from September 1, 2007, and thereafter are due and unpaid, the mortgage is in default and the entire balance of principal and interest on the mortgage is due and owing. (Comp., ¶ 5). Plaintiff also alleges the specific amounts due and owing and has attached an affidavit and Defendants' payment history to its motion for summary judgment. (Comp., ¶ 6; Pl. brief for S.J., Exs. B, C). Defendants deny, as a conclusion of law, that payments are due and unpaid and that the mortgage is in default, incorporate the averments of their counterclaim and deny the amount owed on the mortgage for lack of information. (Ans. ¶¶ 5, 6).

Defendants cannot deny the amount due on the mortgage for lack of knowledge as they are parties to the mortgage and must know what payments were made since September 1, 2007. (Pl. brief for S.J., Ex. A. p. 1); *First Wisconsin Trust Co., supra.* While an allegation of default may be viewed as a legal conclusion, non-payment is an averment of fact as is the sending of the notice and the contents of the mortgage

7

Defendants signed. Having failed to property deny such averments, they are deemed admitted. *See* Pa. R.C.P. 1029(b). Defendants, of all people, would know if the mortgage payments were made to Plaintiff or its assignor. Plaintiff has attached proof of non-payment and Defendants have failed to offer any evidence to the contrary that would create a genuine issue of material fact concerning payment history. (Pl. brief for S.J., Ex. C); *See* Pa. R.C.P. 1035.3(a); *Rapagnani, supra.* Defendants' reliance on their dismissed counterclaim is unavailing. Facts stated in the counterclaim are not "material" as they do not establish any liability on the part of LoanCity.com, the assignor, which would be imposed on Plaintiff as the assignee. Further, Defendants may not simply rest on the allegations they made, but must point to evidence in the record to establish the existence of a factual dispute. *Rapagnani, supra.*

In their brief, Defendants claim that they believe Plaintiff has been paid in full because Defendants were making mortgage payments to an intermediary, a Snyder entity, which was to be making payments to Plaintiff or its assignor. (Def. brief. in opposition to S.J., p. 3). Defendants claim to have records of the mortgage payments they made to the intermediary, but no record of the mortgage payments the intermediary made to LoanCity.com or to Plaintiff.

There is no evidence in the record of these mortgage payments to the intermediary and no evidence that the Snyder entity was an agent of LoanCity.com or Plaintiff. These allegations were dismissed twice for lack of supporting factual averments. Defendants chose not to conduct discovery in this case despite ample time in which to do so. Defendants may not avoid summary judgment by relying on unsupported allegations in

8

their brief, or by faulting Plaintiff for failing to produce records which Defendants never requested or thwarting discovery which Defendants never sought. Pa. R.C.P. 1035.3(a); *Rapagnani, supra, Henninger, supra.* These allegations in Defendants' brief do not create a material issue of fact warranting a trial.

As Defendants have admitted that they have not made payments on the mortgage since September of 2007, and as the note and mortgage provide that failure to pay on time is a default and that Plaintiff may accelerate all outstanding principal and interest in the event of a default, the Court finds that the mortgage is in default and the entire balance of principal and interest is due and owing. (Pl. brief for S.J., Ex. A1, ¶ 6; Ex. A, ¶ 22).

Plaintiff has attached to its motion documentation including the mortgage, note, assignment, an affidavit of the outstanding note balance, payment history and notice of intent to foreclose. (Pl. brief for for S.J., Exs. A, A1, A2, B, C, D). This documentation, in conjunction with Defendants' admissions and the absence of any contrary evidence, demonstrates Plaintiff's right to judgment in its favor.

Defendants have failed to point to any evidence of record which would establish any affirmative defense or present a material factual dispute. Therefore, Plaintiff's motion for summary judgment will be granted.

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION

CITIMORTGAGE, INC.,

        Plaintiff      :

        vs.         :    No. CI-12-05202

STEVEN D. EBERLY and
KELLY L. EBERLY,

        Defendants  :

## ORDER

AND NOW, this 25th day of November, 2015, upon consideration of the motion for summary judgment filed by Plaintiff, Citimortgage, Inc., the response of Defendants, Steven D. Eberly and Kelly L. Eberly, and the evidence in the record demonstrating that there is no issue of material fact to be resolved at trial, it is ordered that Plaintiff's motion is granted.

Judgment *in rem* in mortgage foreclosure is entered in favor of Plaintiff, Citimortgage, Inc., and against Defendants, Steven D. Eberly and Kelly L. Eberly, in the sum of $279,370.94, together with interest from June 1, 2015, and for other costs and charges collectible under the mortgage, and for foreclosure and sale of the mortgaged property.

BY THE COURT:

JAMES P. CULLEN, JUDGE

Attest: C. Gerhart

Copies to:
  Jonathan M. Etkowicz, Esquire ‑\
  Matthew D. Menges, Esquire ‑\
      Mailed

ENTERED AND FILED
15 NOV 25 PM 3: 35
LANCASTER, PA OFFICE

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 11-30-15

CITIMORTGAGE INC

VS.

KELLY L EBERLY (ET AL.)

II. .E COURT OF COMMON PLEAS
OF LANCASTER COUNTY, PA
CIVIL DIVISION
2ND JUDICIAL DISTRICT

CASE NUMBER
CI-12-05202

## NOTICE OF ENTRY OF JUDGMENT

November 30, 2015

KELLY L EBERLY
902 STONEBRIDGE DRIVE
LANCASTER, PA 17601-1473

You are hereby notified that a judgment in the amount of **$279,370.94**
has been entered against you on **November 25, 2015** in the Court of Common Pleas
of Lancaster County Prothonotary's Office at the above number and term.

Please note this is not a law suit or a bill. It is simply a notification of the Recording.

Katherine Wood-Jacobs
Lancaster County Prothonotary

CITIMORTGAGE INC

VS.

KELLY L EBERLY (ET AL.)

II    .E COURT OF COMMON PLEAS
OF LANCASTER COUNTY, PA
CIVIL DIVISION
2ND JUDICIAL DISTRICT

CASE NUMBER
CI-12-05202

# NOTICE OF ENTRY OF JUDGMENT

November 30, 2015

STEVEN D EBERLY
902 STONEBRIDGE DRIVE
LANCASTER, PA 17601-1473

You are hereby notified that a judgment in the amount of **$279,370.94**
has been entered against you on **November 25, 2015** in the Court of Common Pleas
of Lancaster County Prothonotary's Office at the above number and term.

Please note this is not a law suit or a bill. It is simply a notification of the Recording.

Katherine Wood-Jacobs
Lancaster County Prothonotary